-1-

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X
CHECKMATE.COM, INC., a Delaware corporation,
Plaintiff

    -against-

ARJUN VASAN, an Individual,
Defendant
-----------------------------------------------------X

25-CV-3181 (JMF)

NOTICE OF SPECIAL APPEARANCE; AND MOTION TO QUASH SERVICE OF PROCESS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## NOTICE OF SPECIAL APPEARANCE

PLEASE TAKE NOTICE that Defendant Arjun Vasan, appearing specially and solely for the purpose of contesting jurisdiction, hereby moves this Court to quash purported service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

This motion is made on the grounds that Plaintiff failed to properly serve Defendant in accordance with Rule 4(e)(1), and the summons issued contains materially false information, including an incorrect address for Defendant. As set forth in the accompanying memorandum of law, service was both substantively and procedurally defective under New York CPLR § 308.

## I. PRELIMINARY STATEMENT

Defendant Arjun Vasan respectfully moves this Court to quash service of process because Plaintiff's attempted service was fatally defective for multiple independent reasons:

1. Plaintiff knowingly used a false address for Defendant (Sugar Land, Texas) on the summons despite having the correct California address in the Merger Agreement;

2. Plaintiff failed to demonstrate the due diligence required under CPLR § 308(4) before resorting to "nail and mail" service;

3. The incorrect address on the summons belongs to an entirely unrelated individual who shares Defendant's name;

4. Plaintiff had Defendant's contractually designated address for service of process (as specified in the Merger Agreement § 9.11) but deliberately chose not to use it; and

5. Plaintiff eventually attempted service in California despite the summons incorrectly stating Defendant resided in Texas, revealing Plaintiff's knowledge of the address error.

The circumstances also suggest Plaintiff's actions were calculated to advance a false narrative of Texas residency—now across three jurisdictions—in an attempt to evade California's worker protection laws. This fact alone merits that this Motion be granted.

## II. FACTUAL BACKGROUND

1. Defendant Arjun Vasan is a resident of Cerritos, California. Defendant has primarily resided and worked in California during all relevant times pertaining to this dispute, see Defendant's Declaration in support of this Motion ("Vasan Decl.") at ¶¶ 2-3.

2. On or around August 1, 2023, Defendant co-founded VoiceBite Corporation in Cupertino, California, where he lived at the time. Of the founding team, four were lifelong Californians—like Defendant—and the fifth was from Toronto, Canada. *Id*.

3. In early January 2024, negotiations began for a merger with Plaintiff Checkmate. VoiceBite had no customers, revenue or outside investors. Essentially, the founding team was negotiating for collective employment with Plaintiff. *Id*.

-3-

4. Negotiations occurred solely from California, with the lead Negotiator for Plaintiff—Michael Bell—being a resident of Manhattan Beach, California. Bell visited the founders in Cupertino on January 31st, and the founders visited Bell at his Manhattan Beach residence on March 16, 2024. No in person negotiations happened in New York. See Vasan Decl. ¶ 4.

5. The merger closed on April 30, 2024, with employment for Defendant and his teammates starting May 1, 2024. Defendant by that time had relocated to his family home in Cerritos, where he spent most of his employment with Plaintiff. *Id.* at ¶5.

6. The Merger Agreement in § 9.11 lists Defendant's official and sole address for service of process, as 12615 193rd St. Cerritos, CA 90703—his correct address. *Id.* at ¶8.

7. On November 14, 2024, Plaintiff terminated Defendant from his position while on medical leave and recovering in a Costa Mesa, CA facility. *Id.* at ¶7.

8. Defendant subsequently sent several communications requesting and then demanding payment of compensation earned per his employment agreements. *Id.* at ¶8.

9. On December 7, 2024, Plaintiff sent a "Notice of Claim" to Defendant falsely claiming he had resigned, and alleging misconduct it claimed "disentitled" him from earned and unpaid compensation—an overt violation of California wage theft laws. *Id.* at ¶9.

10. On December 20, 2024, Defendant formally responded, rejecting the allegations and threatening legal action if the payments were not made. *Id.* at ¶10.

11. On January 28, 2025, Defendant filed a Complaint against Plaintiff in the United States District Court for the Central District of California (Case No. 2:25-cv-00765-MEMF-JPR) (the "California Action"). The California Action alleges various claims against Plaintiff, including wrongful termination, retaliation, fraudulent inducement, breach of contract, violation of the Family and Medical Leave Act, and related claims. See Vasan Decl. ¶4 and Exhibit A (C.D. Cal. Summons and Complaint).

12. On January 29, 2025, Plaintiff sent a "Notice of Claim" to the VoiceBite shareholders (who include Defendant), alleging fraud and asserting forfeiture of compensation

-4-

earned and owed as per the terms of their employment agreement, and of all equity pursuant to the Merger Agreement. This Notice appeared to adhere to the Merger Agreement's Dispute Resolution Procedure, as it was sent to the shareholder's representative and sought several liability amongst the shareholders—who engaged a counsel and anticipated negotiation based on Plaintiff's overtures. *Id.* at ¶12.

13. Under the reasonable belief that negotiations were forthcoming, Defendant delayed serving the California Action. Meanwhile Plaintiff filed this retaliatory lawsuit in New York State Court on February 14, 2025, against Defendant *individually* and outside the express provisions of the Merger Agreement's framework. *Id.* at ¶13.

14. Defendant served the California Action on Plaintiff's Delaware registered agent via personal service on March 5, 2025, and filed proof on March 6, 2025. *Id.* at ¶14.

15. Plaintiff attempted to serve Defendant on March 5, 2025, via "nail and mail" service at Defendant's correct California residence. However, its summons erroneously identified Defendant as residing in Sugar Land, Texas. This improper service was followed by a filing of an affidavit of service on March 7, 2025, that failed to show proper diligence. The Summons and Affidavit of Service in the New York Action are attached to Defendant's Declaration as Exhibit B. See Vasan Decl. ¶¶ 6 and 12.

16. A simple web search identifies the "Arjun Vasan" residing in Sugar Land, Texas to be an entirely unrelated student at the University of Texas, with no connection to this case. True and correct copies of the web search results demonstrating this are attached to Defendant's Declaration as Exhibit D. See Vasan Decl. ¶¶ 9-10.

17. Plaintiff had on file, and had used in communications, both Defendant's correct California address as well as his brother's Midland, Texas address where Defendant had stayed for two months during his employment. See Vasan Decl. ¶7.

18. Plaintiff made a second attempt at service on March 13, 2025, via substitute service to Defendant's father at Defendant's California residence. Again, the summons erroneously identified Defendant as residing in Sugar Land, Texas. See *Id.* at ¶11.

19. Under New York law, service via "nail and mail" or substitute service is not deemed complete until 10 days after filing proof of service. Therefore, the earliest date Defendant could be considered served would be March 17, 2025—well after Defendant's California Action was filed and served. See *Id.* at ¶13.

20. Defendant has not been to New York in several years and had only visited sporadically before. Defendant has never conducted business in New York in his individual capacity. See *Id.* at ¶3.

21. Defendant has no property in New York and has not purposefully directed activities toward New York that would give rise to the claims alleged in the Complaint. See *Id.*

### III. LEGAL ARGUMENT

Plaintiff failed to properly serve Defendant as required under the Federal Rules of Civil Procedure. Under Rule 4(e), service on an individual may be made pursuant to the law of the state where the district court is located — here, New York. Plaintiff attempted service under New York CPLR § 308, but both attempts were fatally defective.

First, both service attempts — the purported "nail and mail" service on March 5, 2025, and the substitute service on March 13, 2025 — relied on a summons that erroneously listed Defendant's address as Sugar Land, Texas, despite Plaintiff having actual knowledge of Defendant's correct residence in Cerritos, California. This fundamental error in the summons renders both service attempts invalid. See Vasan Decl. ¶¶ 6-7, 15-17 and Ex. B.

Second, "nail and mail" service under CPLR § 308(4) requires due diligence in attempting personal service under CPLR § 308(1) and (2) beforehand. Plaintiff's proof of service, filed March 7, 2025, does not include sufficient documentation to establish such due diligence. Indeed, Plaintiff's subsequent service attempt on March 13, 2025, further suggests that proper diligence was not undertaken prior to the operative attempt. See *Bossuk v. Steinberg*, 58 N.Y.2d 916, 919 (1983) (requiring a "genuine inquiry" to locate defendant's current residence); *Spencer v. City of New York*, 30 A.D.3d 290, 291 (1st Dep't 2006) (failure to attempt personal

service with due diligence renders substitute service invalid). Plaintiff's failure to conduct proper due diligence—especially in light of its erroneous use of an unrelated Texas address and lack of affidavit detail—renders service fatally defective under New York law. See *Id*. at ¶12 and Ex. B.

Third, Plaintiff's use of a Texas address — which clearly refers to a different individual with no connection to this case — appears to be a deliberate misrepresentation to the Court and undermines the legitimacy of the service process. As Defendant notes in a Request for Judicial Notice recently filed in the California Action, the address was of an unrelated and unfortunate student at the University of Texas who shares Plaintiff's fairly uncommon name—an error easily deduced with a 2-minute web search exercise—showing if not deliberate misrepresentation, reckless disregard and lack of elementary due diligence.  See *Id.* at ¶¶ 9-10, Ex. D.

Moreover, even if the Court were to excuse the initial misidentification as a technical error, Plaintiff has *never corrected the Summons* or even retracted the claim that Defendant lives at this address. Instead, it has repeatedly attached this very Summons to numerous filings in the California Action *while* seeking to portray Defendant as a Texas resident. See *Id*. at ¶14.

Finally, Plaintiff invokes the Merger Agreement's § 9.7 forum selection clause to claim jurisdiction in New York. Yet just three clauses later, § 9.11 states the following:

> Section 9.11 Notices. All notices, consents, waivers and other communications required or permitted by this Agreement will be in writing and will be deemed given to a party when (a) **delivered to the appropriate address by hand or by nationally recognized overnight courier service (costs prepaid)**; or (b) sent by facsimile or e-mail with confirmation of transmission by the transmitting equipment confirmed with a copy delivered as provided in clause (a), in each case to the following addresses, facsimile numbers or e-mail addresses and marked to the attention of the person (by name or title) designated below (or to such other address, facsimile number, e-mail address or person as a party may designate by notice to the other parties); ..

The "appropriate address" in Defendant's case—his Cerritos, CA address—was provided expressly for the purposes of service of legal notices at time of execution, as evidenced by Exhibit C. See *Id*. at ¶ 8, Ex. C. Plaintiff cannot claim jurisdiction under the Merger Agreement's forum clause while attempting to serve him at an address other than what he officially designated while signing the Merger Agreement.  These are not minor technical defects — they are

jurisdictional and substantive. Under long-established New York precedent, "notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court." *Feinstein v. Bergner*, 48 N.Y.2d 234, 241 (1979). The same principle applies in federal court when state service rules are invoked under Rule 4(e)(1). Because service was not properly effected, this Court lacks personal jurisdiction over Defendant.

### IV. CONCLUSION

Defendant respectfully requests that this Court:

1. Quash service of process due to insufficient and improper service;
2. Decline to exercise jurisdiction over Defendant unless proper service is effected;
3. Grant such other and further relief as this Court deems just and proper.

### RESERVATION OF RIGHTS

This special appearance and motion are made without waiver of any other defenses under Rule 12(b), including but not limited to lack of personal jurisdiction under Rule 12(b)(2), improper venue under Rule 12(b)(3), and failure to state a claim under Rule 12(b)(6). Defendant expressly reserves the right to raise any such defenses should the Court deny the present motion.

Dated: **Friday, May 2, 2025**                                Respectfully Submitted,

/s/ *Arjun Vasan*

_____

Arjun Vasan

Defendant Pro Se

12615 193rd Street,

Cerritos, CA 90703 562-900-6541

arjun.vasan@gmail.com