**K&L GATES**

June 20, 2025

Thomas A. Warns
Partner
Thomas.Warns@klgates.com

T +1 212 536 4009
F +1 212 552 5001

**Via ECF**

Hon. Jesse M. Furman
Thurgood Marshall Courthouse
40 Foley Sq.
New York, NY 10007

Re:    Checkmate.com Inc. v. Arjun Vasan, No. 25-CV-3181 (JMF) – Response in Opposition
       to Defendant's Letter Motion to Stay, ECF No. 38

Dear Judge Furman:

We write on behalf of Plaintiff Checkmate.com, Inc. ("Checkmate") in opposition to *pro se*
Defendant Arjun Vasan's request for a "Temporary Stay of Proceedings" (ECF 38) and to
respectfully request that the Court strike Mr. Vasan's AI-generated "Requests for Judicial Notice"
added to the Court's docket (ECF No. 39).

By way of background, Mr. Vasan is a *pro se* Defendant responding to certain tort and contract
claims based on misrepresentations Mr. Vasan made in connection with the sale of a voice ordering
technology company to Checkmate in 2024. Recently, Mr. Vasan has boasted about his use of
generative AI to create filings in an expressly vexatious effort to, in his words, cause needless
expense and become an "insufferable" litigant who will "crush" Checkmate and "completely
crush" and "ruin" its counsel. *See generally* Amended Complaint ¶ 36. Both the letter motion
(ECF No. 38) and the "Requests for Judicial Notice" (ECF No. 39) fall into that category and
should be viewed accordingly.

With respect to Mr. Vasan's letter motion seeking a "temporary stay," Mr. Vasan appears to ask
for a pause in these proceedings premised on what he claims to be the imminency of a decision on
a motion filed by Checkmate in the employment case that he filed against Checkmate in the Central

District of California.[1]  While Mr. Vasan does not fully explain the basis of his request, his premise appears to be that resolution of Checkmate's motion in his employment case will obviate the need for him to respond to the fraud allegations made against him in this forum.  It will do no such thing.  As explained by Checkmate in its opposition to Mr. Vasan's pending motion to dismiss, the terms of Mr. Vasan's transaction with Checkmate require the resolution of separate disputes between the parties in New York and under New York law.  *See* Opposition to Motion to Dismiss at Section I (ECF No. 41).  Although Checkmate believes that Mr. Vasan's California claims *also* must be dismissed because of the parties' agreements, whatever the California court may eventually determine on that point will not affect *this* Court's exercise of jurisdiction.  Moreover, the California court has not provided any indication regarding the timing of any potential decision.  If Mr. Vasan believes that any eventual decision by the California court affects the proceedings here or anywhere else, he will remain free to confer with counsel and make an appropriate request for relief when such decision is actually issued – as, of course, will Checkmate.

It should also be noted that what Mr. Vasan appears to allude to is a tentative ruling provided to the parties as a guide for oral argument that the parties – including Mr. Vasan – were expressly ordered not to file in any other proceeding.  Mr. Vasan shared a draft of his letter motion with counsel that would have violated that order by expressly reproducing the document Mr. Vasan was ordered not to file, then filed another version (ECF No. 38) that simply changes the express reproduction to innuendo and allusions.  Checkmate respectfully submits that both versions are improper, premature and misleading: they violate the California Court's direction and suggest finality where the California Court has said there is none.

Finally, in the case of Mr. Vasan's "Requests for Judicial Notice," Mr. Vasan appears to ask that the Court take judicial notice of dozens of pages of disorganized documents, including, among other things, purported "filings containing inconsistent characterizations of Plaintiff's separation" (ECF 39-6, at 2-6), "service address and Texas residency assertions" (*id.*, at 8-15); and mentions in the complaint and the press of one of many individuals working for Checkmate with whom he has a personal grievance (*id.*, at 26-31).  While the Court may, of course, take judicial notice of limited matters not subject to reasonable dispute – such as, for example, the *existence* of litigation initiated by Mr. Vasan pending in the Central District of California – Mr. Vasan's untimely AI-generated requests plainly stretch well beyond that, attempt to resolve factual disputes and invite the Court to weigh competing inferences in violation of the Rules.  *See Global Net. Comms., Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (matters extraneous to complaint subject to exclusion unless court converts motion to one for summary judgment and provides opportunity for

---

[1] As an initial matter, Plaintiff observes that filing a letter-motion seeking a "temporary stay" is not in compliance with Local Civil Rule 7.1(e) or Your Honor's Individual Rules and Practices.

discovery required by Rule 56).  Checkmate respectfully submits that the Requests for Judicial Notice and these documents should be stricken and/or disregarded for that reason.

For these and other reasons, Checkmate again respectfully requests that the Court (a) deny Mr. Vasan's AI-generated "temporary stay" motion (ECF 38) and (b) strike and/or disregard Mr. Vasan's AI-generated "requests for judicial notice."  Plaintiff also respectfully requests that Mr. Vasan be instructed (i) to confer with Plaintiff's counsel before making any further motions and (ii) to request a pre-motion conference with the Court, by letter, before filing any additional motions.  Mr. Vasan's vexatious litigation strategy, which he is pursuing in both New York and California, continues to burden the Court and inflict significant and unwarranted costs on Plaintiff.


Respectfully submitted,

/s/ *Thomas A. Warns*
Thomas A. Warns
Partner

June 20, 2025