UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
CHECKMATE.COM, INC.,

                  Plaintiff,

      -against-

ARJUN VASAN,

                  Defendant.
---------------------------------------------------------- X

25-CV-03181 (JMF)

DECLARATION OF ROBERT NESSLER IN SUPPORT OF DEFENDANT'S MOTION FOR POST-DISMISSAL COSTS, FEES AND SANCTIONS

I, **Robert Nessler**, declare as follows:

**Capacity and Authority**

1. I am over 18 years of age, competent to testify, and the Holder Representative designated pursuant to Section 9.1 of the Merger Agreement dated April 30, 2024, between Checkmate.com, Inc. ("Checkmate") and VoiceBite Corporation. ("VoiceBite"). I submit this declaration in my official capacity as Holder Representative, fully authorized and empowered to act and speak on behalf of all pre-closing equity holders and founding team members of VoiceBite, including myself, Arjun Vasan, Christopher Lam, Isamu Aoki, and Paul Garcia, as expressly provided in the Merger Agreement.

**Contradictions in Amended Complaint Allegations**

-1-

2. **Paragraph 1 (***"No matter what" and Alleged Fraudulent Intent***)**

   **This statement is categorically false.** The phrase "no matter what" refers to a negotiating position shared by the three primary founders (myself, Arjun Vasan, and Christopher Lam) during joint negotiations. It referred specifically to the requirement for guaranteed retention bonuses for the founding team as a condition of the transaction—*not* as a scheme for personal gain. The deal would not have proceeded absent these guaranteed bonuses, as all founders were giving up their upside in VoiceBite for what was represented as stability and security with Checkmate. No founder, including Mr. Vasan, stood to "ride off into the sunset" with "millions of dollars"; in fact, none of the founders, including myself, ever received these bonuses.

3. **Paragraph 2** (*Vasan individually sought to convince Checkmate to pay "millions"*)

   **This statement is categorically false.** All negotiations were conducted jointly and at no point did "Vasan" individually attempt to convince Checkmate of anything. The negotiation team consisted of the three primary founders (myself, Vasan, and Lam), working for the benefit of all VoiceBite equity holders. At no time were "millions of dollars" at stake for any individual founder. Instead, $1.5 million in guaranteed retention bonuses were negotiated to be shared pro rata by all five pre-closing holders according to their percentage ownership in VoiceBite. This was transparent and discussed repeatedly.

4. Though not detailed here, several other paragraphs in Checkmate's complaint are categorically false or misleading.

**Facts and Statements**

5. At no point did Checkmate pay the Founding Team or other VoiceBite equity holders the $1.5 million in bonuses promised as part of the merger and employment agreements.

6. All material representations regarding were known to all founders prior to the merger and were discussed with legal counsel, and all material representations were in good faith determined to be true and accurate.

7. On November 14th, 2024, at 9AM, our team was informed that Arjun Vasan was terminated due to a breach of the non-solicitation clause in his non-competition agreement. Checkmate proceeded to interview the team after his termination.

8. At no point did Arjun Vasan attempt to recruit me, and to my knowledge, any of the "same employees sold to checkmate" to work for any competitor. No such employee reported any such solicitation to Checkmate leadership, as it did not occur. Therefore, the allegation in ¶50 is categorically and knowingly false.

9. On or about January 29, 2025, I was served a "Notice of Direct Claim" against the VoiceBite pre-closing shareholders, asserting forfeiture of more than $1.5 million in guaranteed employment bonuses and all equity pursuant to the parties' agreements.

10. The Notice alleged Fraud and misrepresentations by VoiceBite and its associates.

11. In my capacity as Holder Representative, I engaged counsel Grant Thomas of Thomas Whitelaw LLP to respond to the Notice of Direct Claim.

12. On or about February 7, 2025, after discussions with myself, Christopher Lam and Arjun Vasan, Mr. Thomas determined an appropriate response to the Notice, distinguishing the disputed functional code from VoiceBite's intellectual property.

13. *At no point did I authorize the joint response to be attributed to Arjun Vasan in his individual capacity* or agree to Checkmate doing so. Therefore ¶¶ 33-34 of the Complaint are knowingly and entirely false and these statements were never made by Arjun Vasan.

14. At no point did we or Mr. Thomas state, or imply, that VoiceBite's entire codebase was a "valueless non-asset". Indeed, the team continues to build on and evolve the codebase.

15. On or about February 14th, 2025, we were informed that Checkmate would be suing Arjun Vasan in his individual capacity.

16. Since then, the pre-closing shareholders of VoiceBite have been told that they will not receive their unpaid bonuses due to a "legal dispute".

17. At no point was I ever informed of any 3rd party claim against Checkmate due to any of the purported disputed code.

18. The Voice Project continues to progress and is actively deployed at Checkmate customers, including Popeye's Louisiana Kitchen. Checkmate stands to gain immensely from the work of Arjun Vasan and the rest of the VoiceBite team.

**Conclusion**

19. I reserve all rights and authorities as Holder Representative under the Merger Agreement and make this declaration solely in that official capacity.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

**Executed on**: Friday, July 25, 2025,

In Cupertino, CA

*By:*   **Robert Nessler**
Holder Representative of the VoiceBite Pre-Closing Shareholders and former Chief Executive Officer of VoiceBite