**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHECKMATE.COM, INC.

Plaintiff,

v.

ARJUN VASAN

Defendant.

Case No. 1:25-CV-03181(JMF)

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS; REQUEST FOR SANCTIONS**

## TABLE OF CONTENTS


Page

INTRODUCTION ..... 1

BACKGROUND ..... 4

I. CHECKMATE DISCOVERS VASAN'S FRAUD AND PROMPTLY FILES SUIT ..... 4

II. ADDITIONAL PROCEDURAL HISTORY ..... 5

III. VASAN'S INCREASINGLY VEXATIOUS CONDUCT ..... 5

ARGUMENT ..... 7

I. Defendant's Motion Seeks To Use Sanctions As A Substitute For Litigating the Merits of the Case. ..... 7

A. There is No Legal Basis to Support Sanctions Against Plaintiff or Plaintiff's Counsel. ..... 7

B. Sanctions Pursuant to 28 U.S.C. § 1927 are Unjustified. ..... 10

II. Sanctions Should Be Awarded Against Vasan for His Repeated Harassing Misconduct and Meritless Filings. ..... 11

III. The Court Should Award Plaintiff Attorney's Fees in Opposing Vasan's Motion. ..... 11

CONCLUSION ..... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arjun Vasan v. Checkmate.com, Inc.*,
Case No.: 2:25-cv-00765-MEMF-JPR ....................4

*Baasch v. Reyer*,
827 F. Supp. 940 (E.D.N.Y. 1993) ....................12

*Baiul v. William Morris Agency, LLC*,
No. 13 CIV. 8683 KBF, 2014 WL 1804526 (S.D.N.Y. May 6, 2014), *aff'd*,
601 F. App'x 58 (2d Cir. 2015) ....................10

*Baskin v. Lagone*,
No. 90 CIV. 5478 (RPP), 1993 WL 59781 (S.D.N.Y. Mar. 3, 1993) ....................9

*Caisse Nationale de Credit Agricole-CNCA v. Valcorp., Inc.*,
28 F.3d 259 (2d Cir. 1994) ....................9

*Doe v. Martucci*,
2024 WL 5118505 (S.D.N.Y. Dec. 16, 2024) ....................2

*Ferguson v. Comm'r of Tax & Fin.*,
739 F. App'x 19 (2d Cir. 2018) ....................12

*Foy v. First Nat. Bank of Elkhart*,
868 F.2d 251 (7th Cir. 1989) ....................3

*Jones v. Combs*,
759 F. Supp. 3d 534 (S.D.N.Y. 2024) ....................10

*Kingvision Pay–Per–View Ltd. v. Ramierez*,
No. 05 Civ.2778(HB), 2005 WL 1785113 (S.D.N.Y. July 28, 2005) ....................9

*Koar v. United States*,
No. 96 Civ. 5166, 1997 WL 1038181 (S.D.N.Y. Sept.2, 1997) ....................11

*Kumaran v. Northland Energy Trading, LLC*,
762 F. Supp. 3d 322 (S.D.N.Y. 2025) ....................9

*Malley v. New York City Bd. of Educ.*,
207 F. Supp. 2d 256 (S.D.N.Y. 2002) ....................4

*Mata v. Avianca, Inc.*,
678 F. Supp. 3d 443 (S.D.N.Y. 2023) ....................11

*Murawski v. Pataki*,
514 F. Supp. 2d 577 (S.D.N.Y. 2007)....................12

*Oliveri v. Thompson*,
803 F.3d 1265 (2d. Cir. 1986)....................10

*Safe-Strap Co., Inc. v. Koala Corp.*,
270 F. Supp. 2d 407 (S.D.N.Y. 2003)....................9, 11, 12, 13

*Salovaara v. Eckert*,
222 F.3d 19 (2d Cir. 2000)....................10

*StreetEasy, Inc. v. Chertok*,
752 F.3d 298 (2d Cir. 2014)....................9

*Vasan v. Checkmate.com, Inc.*,
Dkt. 67, Case 2:25-cv-00765-MEMF-JPR (C.D. Cal. Jun. 24, 2025)....................1

**Statutes**

28 U.S.C. § 1927....................2, 10, 11

**Other Authorities**

Federal Rule of Civil Procedure 11 .................... *passim*

**INTRODUCTION**

Before Plaintiff voluntarily dismissed this action without prejudice in favor of proceeding by way of counterclaim in the Central District of California, a litany of improper AI-generated filings from Defendant Arjun Vasan ("Defendant" or "Vasan") had already resulted in an order from this Court requiring Vasan to both confer with Plaintiff and request a pre-motion conference prior to filing any further substantive motions. Dkt. 46.

That was Vasan's first warning from this Court.

Vasan was undeterred. Without disclosing the contemporaneous threats he was making to Plaintiff and its counsel, he filed a letter asking for a "brief extension of 14 days from the date of this letter to file any motion for fees or for sanctions" due to a hospitalization as a result of "a medical emergency," which he claimed "limited [his] access to [his] legal files and ability to prepare court submissions." Dkt. 56. Though granting Vasan's request for additional time, the Court expressed its skepticism regarding the basis for any sanctions. Dkt. 57.

That was Vasan's second warning from this Court.

Still a third warning to Vasan regarding his litigation conduct in federal court came on June 24, 2025 from the Hon. Maame Ewusi-Mensah Frimpong in the Central District of California, who "emphasize[d] that it does not condone improper, cumulative, and/or untimely filings" and that "failure to abide by applicable rules will result in striking of briefing and/or sanctions as the Court deems appropriate." *Vasan v. Checkmate.com, Inc.*, Dkt. 67, at 5 and n. 7, Case 2:25-cv-00765-MEMF-JPR (C.D. Cal. Jun. 24, 2025).

Vasan has ignored each of these warnings. Instead, apparently making good on threats communicated to Plaintiff and its counsel (*see* Declaration of Rebecca I. Makitalo ("Makitalo Decl."), ¶¶ 3–14, Exs. A–L, Vasan chose to file the present motion. The thrust of his motion is

thus: before ***any*** adjudication on the merits – and without the benefit of ***any*** factual or evidentiary record – he has demanded that the Court impose ***sanctions*** for so much as alleging facts contrary to his unsupported, preferred (and false) narrative (explicitly asking the Court to find in his favor regarding "***What Really Happened***" (Dkt. 58, at 6) (emphasis added)).

Among other things, he asks the Court to find that:

– he is supposedly "contractually owed compensation" for having purportedly been "terminated by Checkmate while on medical leave" (Dkt. 58, at 3);

– he is entitled to relief for a similarly baseless complaint that he claims to have filed regarding "misconduct" by "K&L Gates" and "attorney Keech" (*id.*);

– "at no time" was his approval given for unspecified "statements to be attributed solely to him" by his lawyer and that he cannot be bound by statements made by his lawyer (*id.*);

– Plaintiff has no basis to allege that it "was injured by paying millions of dollars for a company…that ended up being worthless" and that his "misrepresentations…were material and intended to induce [Plaintiff] into paying [Defendant] millions of dollars." (*id.*)

Enough is enough. Clearly, there is no legal or factual basis to support the imposition of sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, or the Court's inherent authority. Plaintiff's claims against him, previously pending in this Court, remain ***live*** and are ***pending*** in California. Like any litigant, Vasan is free to disagree with Plaintiff and advocate for his position within the bounds of the Federal Rules. But the subjective beliefs and self-serving, uncorroborated affidavits he offers on this motion are plainly insufficient to support ***any*** determination in his favor, let alone on a motion for sanctions. *E.g., Doe v. Martucci*, 2024 WL

5118505, at *12 (S.D.N.Y. Dec. 16, 2024) (it is "simply not sanctionable conduct" for parties to "advance[] a view of the case that [is] inconsistent with [the opposing party]'s theories.").

Given the context of Vasan's misbehavior, the Court should not stop at denying the motion. Threatening that Checkmate and its counsel would be "***completely*** crushed," that its counsel's "***careers will be ruined***" and that he would "***ensure that the press is well aware***," (Makitalo Decl., ¶ 4, Ex. B (emphasis added)) Vasan filed this motion as part of months of demands for "***unconditional surrender***" by Plaintiff which he "***strongly recommend[ed] while [he] retain[ed] the capacity for mercy***" (*Id.*, ¶ 6, Ex. D (emphasis added)) and vows to "***raise the stakes substantially, including motions for sanctions, adding K&L Gates LLP (and Ryan Q. Keech and Charles Tea III as individual defendants), seeking injunctive relief and pursuing any further actions necessary to force a resolution***)" (*Id.*, ¶ 7, Ex. E (emphasis added)) in order to ensure that, if Plaintiff did not give up its claims and accede to his demands, the "***next phase will be exponentially costlier.***" *Id.* (emphasis added).

Vasan quite literally vowed that if Checkmate did not give him everything he demanded "***by Friday, July 4, 2025, the 249th birthday of America, there will be no going back***" and that his "***only goal***" would be to "***completely destroy and humiliate***" Plaintiff, that Checkmate's executives and its counsel at K&L Gates would be "***humiliated, destroyed and eviscerated on a personal level***" and that he would "***have no mercy. NONE whatsoever. NONE***." *Id.*, ¶¶ 10 – 11, Exs. H–I (capitalization in original; italicization and bold emphasis added).

The Federal Rules provide that that ***no*** paper, whether a motion for sanctions or otherwise, may be presented for the purposes Vasan has explicitly embraced, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Because such "a frivolous request for sanctions is itself sanctionable" (*Foy v. First Nat. Bank of Elkhart*,

868 F.2d 251, 258 (7th Cir. 1989)), and "one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets" (*Malley v. New York City Bd. of Educ.*, 207 F. Supp. 2d 256, 259 (S.D.N.Y. 2002)), there can be little doubt about the reality that Vasan's conduct here is ***far*** over the line. Plaintiff respectfully requests that the Court impose sanctions on Vasan to deter future misconduct and, at minimum, award it its fees and costs incurred in defending against Vasan's explicitly vexatious motion.

## BACKGROUND

### I. CHECKMATE DISCOVERS VASAN'S FRAUD AND PROMPTLY FILES SUIT

In early 2024, Vasan sold VoiceBite – an artificial intelligence company he claimed to have co-founded – to Plaintiff on the basis of what turned out to be multiple material and false representations regarding the originality and ownership of its intellectual property. Contrary to what Vasan had told Plaintiff – that he and VoiceBite were the exclusive owners and authors of valuable code owned by VoiceBite – Plaintiff's post-close investigation revealed that Vasan had engaged in fraudulent conduct by peddling an asset that was effectively worthless and by then doing the ***same thing*** in attempting to sell that technology to others. *See generally* Dkt. 21 (Am. Compl.).

Pursuant to the forum selection clause designating New York state or federal courts as the exclusive jurisdiction for any legal action relating to the parties' transaction, Plaintiff filed suit against Vasan in New York state court on February 14, 2025, asserting claims for breach of his obligations and for fraud. Defendant subsequently removed this case to this Court on April 12, 2025. Dkt. 1. Vasan also filed suit separately against Plaintiff in the Central District of California. Dkt. 1, *Arjun Vasan v. Checkmate.com, Inc.*, Case No.: 2:25-cv-00765-MEMF-JPR ("Central District Action").

## II. ADDITIONAL PROCEDURAL HISTORY

Plaintiff filed an Amended Complaint against Defendant on May 12, 2025. Dkt. 21. Thereafter, on June 2, 2025, Defendant filed a Motion to Dismiss, Transfer, or Stay ("Motion to Dismiss"). Dkt. 34. In his Motion to Dismiss, Defendant challenged this Court's jurisdiction to adjudicate Plaintiff's claims. Specifically, he objected to the validity of the forum selection clause contained in the Merger Agreement and asserted that New York was an improper forum for Plaintiff's claims. *Id*. Defendant also opposed Checkmate's Motion to Dismiss or Transfer Mr. Vasan's employment-related claims in the related Central District of California case on substantially the same basis. *See* Dkt. 18, Central District Action. On June 24, 2025, the Court denied Checkmate's Motion to Dismiss or Transfer, prompting Checkmate to dismiss this action without prejudice in favor of proceeding against Vasan by way of counterclaim in California. Dkt. 53. On July 9, 2025, Checkmate also filed its Answer and Counterclaims against Mr. Vasan in the Central District Action, asserting the same causes of action it voluntarily dismissed in its Amended Complaint before this Court. Dkt. 71, Central District Action. On July 10, 2025, the Court ordered that Plaintiff's Voluntary Dismissal [Dkt. 53] was "self-executing and effective immediately. Dkt. 55.

## III. VASAN'S INCREASINGLY VEXATIOUS CONDUCT

The present motion for sanctions comes as part of a pattern of increasingly vexatious conduct undertaken as part of an explicit effort to "force" Plaintiff to submit to his demands and abandon its claims.

Part of his efforts have involved improper attacks on and threats against Plaintiff's counsel. On April 27, 2025, Vasan threatened to file an amended complaint in the Central District of California adding claims against K&L Gates, Mr. Keech and Charles Tea – K&L Gates' Deputy

General Counsel – as defendants based in part on the filing of this action "immediately after" what he claimed to be his "protected activity in California." Makitalo Decl., ¶ 3, Ex. A. On July 20, 2025, Vasan sent an email addressed to Plaintiff's counsel with the subject line "Carl von Clausewitz, On War (1832)" stating, "The destruction of the enemy's forces is always the means by which the aim of war is achieved; the aim is the overthrow of the enemy and the compulsion of his will." *Id.*, ¶ 14, Ex. L.

Others have involved more serious misconduct. On June 26, 2025, Vasan demanded that Plaintiff "promptly and voluntarily dismiss, with prejudice" this action. *Id.*, ¶ 5, Ex. C. That same day, Defendant sent an email addressed to Plaintiff's counsel with the subject line "unconditional surrender - I strongly recommend it while I retain the capacity for mercy." *Id.*, ¶ 6, Ex. D.

On July 1, 2025, Vasan vowed that the "next phase" of this case would be "exponentially costlier" if he did not, "by **end of day Friday, July 4, 2025**" "receive written acceptance" of a proposal that Checkmate abandon its claims and pay him everything he claimed to be owed, including "motions for sanctions, adding [Checkmate executive] ***Michael Bell***, K&L Gates LLP (and ***Ryan Q. Keech*** and ***Charles Tea III*** as individual defendants), seeking injunctive relief, and pursuing any further actions necessary to ***force*** a resolution." *Id.*, ¶ 7, Ex. E (emphasis in original).

The next day, apparently responding to Plaintiff's notice of its intent to voluntarily dismiss in favor of proceeding in California, Vasan sent an email saying that "I see that you plan to ***surrender*** in New York" and threatening that "***unless you dismiss with prejudice I will hold your frivolous and abusive New York action against you, and you will pay for it.***" *Id.*, ¶ 8, Ex. F (emphasis added).

Later that day, Mr. Vasan sent an email demanding that Plaintiff "begin ***apologizing***, immediately" and that "***each day that passes increases the cost your client will pay, and my resolve to hold their feet to the fire.***" *Id.*, ¶ 9, Ex. G.

Seven minutes later, Vasan wrote "***let me be absolutely clear. If I do not get a positive response by Friday, July 4, 2025, the 249th birthday of America, there will be no going back. My only goal after that will be to completely destroy and humiliate Checkmate***." *Id.*, ¶ 10, Ex. H (emphasis added).

Ten minutes later, Vasan wrote "***And messrs Bell, Keech and Tea will also be humiliated, destroyed and eviscerated on a personal level. I will have no mercy. NONE whatsoever. NONE***." *Id.*, ¶ 11, Ex. I (emphasis added).

The next afternoon, Vasan wrote under a subject line "***URGENT: last warning before actions on July 4, 2025***": "***If, by tomorrow, I do not see full and complete submission to my demands, I will consider this failure a statement of intent by your client and proceed accordingly***." *Id.*, ¶ 12, Ex. J (emphasis added). He claimed "***I do not care about holidays or weekends or for that matter hours, I work 24-7-365***." *Id.*

On July 4, 2025, Defendant sent another email addressed to both Plaintiff and Plaintiff's counsel with the subject line "Last Chance" stating "***Surrender now or expect complete annihilation***." *Id.*, ¶ 13, Ex. K (emphasis added).

This motion followed.

## ARGUMENT

### I. Defendant's Motion Seeks To Use Sanctions As A Substitute For Litigating the Merits of the Case.

#### A. There is No Legal Basis to Support Sanctions Against Plaintiff or Plaintiff's Counsel.

Defendant's motion, which ignores the continued pendency of Plaintiff's claims in another federal jurisdiction, fails to identify any factual allegation in Plaintiff's Amended Complaint that lacks evidentiary support. Instead, the Motion seeks sanctions pursuant to Rule 11 on the basis of Defendant's own subjective belief that the allegations contained therein are false and in dispute. Defendant's only evidentiary support for his Motion is self-serving, uncorroborated affidavits, which are undermined by other documentary evidence. This alone is sufficient to deny the motion as an inappropriate attempt to litigate the merits of the Amended Complaint, which has already been voluntarily dismissed and is currently being adjudicated in the Central District of California. Dkts. 53, 55; Dkt. 71, Central District Action.

Procedurally, Defendant concedes that he failed to comply with the procedural requirements of Federal Rule of Civil Procedure 11(c)(2) prior to Plaintiff's voluntary dismissal of the Amended Complaint. *See* Motion at 2 ("Plaintiff noticed a voluntary dismissal before Defendant served a Rule 11 motion. Consistent with Second Circuit precedent, Defendant therefore does not seek Rule 11 sanctions "on motion" because the 21-day safe-harbor requirement was not and cannot now be satisfied."). Unable to comply with the mandatory safe harbor provision set forth in Rule 11(c)(2), Defendant now improperly attempts to request the Court to invoke its own inherent authority to issue sanctions pursuant to Rule 11(c)(3). But that, too, doesn't work: Federal Rule of Civil Procedure 11(c)(3) allows courts to initiate sanctions pursuant to their inherent authority by issuing an order to show cause why specific conduct has not violated Rule 11(b). Federal Rule of Civil Procedure 11(b) provides in pertinent part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney ... certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost

> of litigation ... the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

"[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement." *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 307 (2d Cir. 2014) (quoting *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir.2012)). "Rule 11 targets situations where it is patently clear that a claim has absolutely no chance of success." *Caisse Nationale de Credit Agricole-CNCA v. Valcorp., Inc.*, 28 F.3d 259, 264 (2d Cir. 1994) (quoting *Healey v. Chelsea Res., Ltd.*, 947 F.2d 611, 626 (2d Cir. 1991)); *see also StreetEasy, Inc.* 752 F.3d at 307 (quoting *Storey v. Cello Holdings, L.L.C*, 347 F.3d 370, 388 (2d Cir.2003)) ("With respect to factual contentions, 'sanctions may not be imposed unless a particular allegation is utterly lacking in support.' ").

Vasan's motion is thus a premature exercise which courts in this district repeatedly decline to undertake on a motion for sanctions. *See Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 413–14 (S.D.N.Y. 2003) (refusing to consider sanctions motion that required court to construe legal sufficiency and merits of claim before summary judgment or trial); *Kingvision Pay–Per–View Ltd. v. Ramierez*, No. 05 Civ.2778(HB), 2005 WL 1785113, at *4 (S.D.N.Y. July 28, 2005) (declining to award Rule 11 sanctions because "[w]ithout an evidentiary record against which the factual allegations [of the defendant's second counterclaim] [could] be compared, it [was] difficult if not impossible genuinely to conclude they are 'objectively unreasonable' or abusive of the judicial process"); *Kumaran v. Northland Energy Trading, LLC*, 762 F. Supp. 3d 322, 337 (S.D.N.Y. 2025) (denying motion for sanctions on the grounds that resolving the motion would necessitate dispositive determinations on the merits of the counterclaims); *Baskin v. Lagone*, No.

90 CIV. 5478 (RPP), 1993 WL 59781, at *6 (S.D.N.Y. Mar. 3, 1993) (denying motion for sanctions where it was "premature to ascertain[ ] that the Plaintiffs' Amended Complaint is not grounded in fact or warranted by existing law, as Rule 11 requires before sanctions can be imposed.").

**B. Sanctions Pursuant to 28 U.S.C. § 1927 are Unjustified.**

To impose Section 1927 sanctions, the Court "must find clear and convincing evidence that (1) the offending party's claims were entirely meritless and (2) a finding of bad faith on the part of the attorney." *Baiul v. William Morris Agency, LLC*, No. 13 CIV. 8683 KBF, 2014 WL 1804526, at *12 (S.D.N.Y. May 6, 2014), *aff'd*, 601 F. App'x 58 (2d Cir. 2015) (citing *Agee v. Paramount Commc'ns Inc*., 114 F.3d 395, 398 (2d Cir. 1997)); *see also Oliveri v. Thompson*, 803 F.3d 1265, 1273 (2d. Cir. 1986). "Before punishing actions taken 'on behalf of a client' under either § 1927 or its inherent authority, the Court 'must make an explicit finding of bad faith.'" *Jones v. Combs*, 759 F. Supp. 3d 534, 540 (S.D.N.Y. 2024) (quoting *Rossbach v. Montefiore* Med. Ctr., 81 F.4th 124, 142 (2d Cir. 2023)). Bad faith may be inferred where the actions "are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose..." *Salovaara v. Eckert*, 222 F.3d 19, 35 (2d Cir. 2000)).

Vasan's motion fails to demonstrate that Plaintiff or its counsel acted in bad faith in filing the Amended Complaint. Vasan has failed to set forth any evidence to suggest that the proceedings have been multiplied "unreasonably and vexatiously," as required by Section 1927. Checkmate's counsel filed this action in the Southern District of New York pursuant to a good faith belief that the forum selection clauses contained in the Merger Agreement and Non-Compete Agreement mandated Plaintiff's claims to be brought in a New York forum. This Court has never ruled that the forum selection causes did not mandate that Plaintiff's claims be brought in New York. Rather, the court in the Central District Action denied Checkmate's Motion to Dismiss or Transfer Mr. Vasan's employment-related claims, and Checkmate expeditiously voluntarily dismissed its New

York action at the pleading stage. Dkt. 53. Checkmate did so in order to decrease the proceedings and allow the parties to proceed expeditiously and efficiently in the Central District of California. Accordingly, there is no basis to infer that Checkmate has acted in bad faith or otherwise engaged in vexatious conduct. In sum, Vasan has abjectly failed to make a clear and convincing showing of evidence of bad faith that would warrant imposition of sanctions under Section 1927.

## II. Sanctions Should Be Awarded Against Vasan for His Repeated Harassing Misconduct and Meritless Filings.

Vasan, who has repeatedly been warned and who has filed this motion as part of an explicit campaign of harassment, should be sanctioned for his conduct. *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 449 (S.D.N.Y. 2023) (citing Fed.R.Civ.P. 11(c)(4)). Vasan has repeatedly sent harassing emails to Plaintiff and its counsel chock-full of improper threats. Makitalo Decl., ¶¶ 3–14, Exs. A–L. These communications – and this motion – are explicitly designed to pressure Plaintiff into "surrendering" legitimate claims. *See Id.* ¶ 6, Ex. D (June 26, 2025 email addressed to Plaintiff's counsel with the subject line "unconditional surrender - I strongly recommend it while I retain the capacity for mercy."); *Id.* ¶ 13, Ex. K (July 4, 2025, email addressed to both Plaintiff and Plaintiff's counsel with the subject line "Last Chance" stating "Surrender now or expect complete annihilation."). Such conduct is not only harassing but constitutes a clear, sanctionable abuse of the legal process.

## III. The Court Should Award Plaintiff Attorney's Fees in Opposing Vasan's Motion.

Whether characterized as sanctions against Vasan or otherwise, Plaintiff should be awarded its fees in opposing the present motion. "Rule 11 is not a toy": the improper threat of such sanctions alone is sanctionable conduct. *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003); *Koar v. United States*, No. 96 Civ. 5166, 1997 WL 1038181, at *2 n. 2 (S.D.N.Y. Sept.2,

1997) ("[T]he making of a frivolous Rule 11 motion can itself result in sanctions against the movant.").

There is nothing about Vasan's status as a *pro se* litigant that changes this analysis: "Rule 11 applies to both attorneys and pro se litigants in guarding against frivolous, vexatious, or scurrilous lawsuits." *Murawski v. Pataki*, 514 F. Supp. 2d 577, 590 (S.D.N.Y. 2007) (citing *Maduakolam v. Columbia University*, 866 F.2d 53, 56 (2d Cir.1989). "Although courts may afford them greater leniency, pro se litigants are not immune from Rule 11 sanctions." *Ferguson v. Comm'r of Tax & Fin.*, 739 F. App'x 19, 22 (2d Cir. 2018) (citing *Maduakolam*, 866 F.2d at 56. "The fact that a litigant appears pro se "does not shield him from Rule 11 sanctions because one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.' " *Murawski*, 514 F. Supp. 2d at 590 (quoting *Malley*, 207 F.Supp.2d at 258 (S.D.N.Y. 2002); *see also Baasch v. Reyer*, 827 F. Supp. 940, 944 (E.D.N.Y. 1993) (sanctioning a pro se plaintiff for filing a frivolous motion with the sole purpose of harassing defendants and needlessly increasing the costs of this litigation). Compliance with the safe harbor is not required in opposing a Rule 11 motion. *See Safe-Strap Co.*, 270 F. Supp. 2d at 421 (quoting *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001) ("[A] party defending a Rule 11 motion need not comply with the separate document and safe harbor provision when counter-requesting sanctions.")).

Moreover, Rule 11 expressly provides that "the court may award to *the prevailing party* the reasonable expenses, including attorney's fees, incurred for the motion." Federal Rule of Civil Procedure 11(c)(2) (emphasis added). "Thus, where a party's motion for Rule 11 sanctions is not well grounded in fact or law, or is filed for an improper purpose, a court my find itself in the

position of imposing Rule 11 sanctions on the moving party and/or her attorney." *Safe-Strap Co*., 270 F. Supp. 2d at 421 (citation omitted).

Again, Vasan's ***own words*** emphasize why sanctions are necessary here. His written communications – and this motion – are explicitly designed to pressure Plaintiff into "surrendering" legitimate claims. *See* Makitalo Decl. ¶ 6, Ex. D (June 26, 2025 email addressed to Plaintiff's counsel with the subject line "unconditional surrender - I strongly recommend it while I retain the capacity for mercy."); *Id*. ¶ 13, Ex. K (July 4, 2025, email addressed to both Plaintiff and Plaintiff's counsel with the subject line "Last Chance" stating "Surrender now or expect complete annihilation."). Such conduct is not only harassing but constitutes a clear abuse of the legal process.

Vasan's motion is neither well-grounded in law nor in fact. His motion is nothing more than a strategic maneuver to drive-up litigation costs and harass and intimidate Plaintiff to "surrender" its claims, rather than a legitimate request for relief. As discussed above, a dispute of fact is not a basis to bring a Rule 11 motion and is procedurally improper. Further, the Amended Complaint has already been voluntarily dismissed in this jurisdiction, following Vasan's challenge to this Court's jurisdiction, and Plaintiff's claims against Vasan remain pending in the Central District of California. The Court should award Plaintiff's attorneys fees, expenses, and costs incurred in connection with its defense of Vasan's motion.

## CONCLUSION

For all of the reasons described above, Plaintiff respectfully requests that Vasan's Motion be denied in its entirety, Plaintiff's Cross-Motion for Sanctions be granted, and attorneys' fees be awarded to Plaintiff for opposing Vasan's Motion.

Dated: August 8, 2025

Respectfully submitted,

K&L GATES LLP

By: */s/ Thomas A. Warns*

Thomas A. Warns
tom.warns@klgates.com
599 Lexington Avenue
New York, NY 10022
Telephone: 212-536-3900

Ryan Q. Keech (admitted *pro hac vice*)
Rebecca I. Makitalo (admitted *pro hac vice*)
10100 Santa Monica Blvd., 8th Fl.
Los Angeles, CA 90067
Telephone: 310-552-5000

*Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Checkmate.com, Inc., in accordance with your Honor's Individual Rules and Practices in Civil *Pro Se* Cases Rule 4(b), certifies that this Memorandum of Law contains 4,064 words, including headings, footnotes, and quotations but excluding the caption, table of contents, table of authorities, signature blocks, and this certificate.

*/s/ Thomas A. Warns*
Thomas A. Warns