Hon. Jesse M. Furman
United States District Judge
Southern District of New York

Re: *Checkmate.com, Inc. v. Vasan*, No. **25-CV-03181** – Request for Leave to File Reply

**Dear Judge Furman**:

In accordance with the Court's order, I respectfully request leave to file a one-page letter reply to Plaintiff's Opposition/Cross-Motion (ECF 59). Good cause exists as:

1. Plaintiff seeks sanctions/fees for a timely filing the Court expressly permitted—without addressing the merits of my motion or the sworn Declaration of Robert Nessler.
2. Plaintiff dismisses the Nessler Decl. as "self-serving" and "uncorroborated," yet his authority as Holder Representative is established by its own exhibit—Merger Agreement §§ 9.1, 8, 8.3 (ECF 35-2 at 63-64, "Warns Declaration")—which Plaintiff has asserted as governing all aspects of the parties' bargain but now seeks to disregard.
3. The Nessler Decl. was secured at personal risk to Mr. Nessler and after extensive coordination to ensure he spoke for the VoiceBite founding team and that their interests were represented before this Court. See Vasan Decl. ¶ 19, filed herewith.
4. If accurate, the Nessler Decl. substantially undermines Plaintiff's theory of the case, raising a strong inference that its contrary characterization could itself be "self-serving."
5. At a minimum, this may warrant the Court's inquiry into which characterization is supported by the evidentiary record on its docket. See ECF 48, Exhibit B.
6. The proposed Reply briefly addresses Plaintiff's reliance on a plainly contradictory premise regarding "the code" that the C.D. Cal. Court will ultimately decide.

Plaintiff's "vexatious" rhetoric relies on mid-litigation settlement communications, stripped of context and inadmissible under FRE 408 or excludable under FRE 403. As this Court noted in *Khorana v. JPMorgan Chase Bank, N.A.*, sideshows do not resolve the merits. The docket before this Court reflects only good-faith filings made to defend against unsupportable allegations.

The proposed Reply is concise, pinpoint-cited, and avoids repetition. It will assist the Court in applying Rule 11(b)(3) and 28 U.S.C. § 1927 to the actual record. In addition, for the Court's convenience, it re-attaches Exhibit B of ECF 48, which contains the evidence at issue.

**Respectfully submitted,**
/s/ **Arjun Vasan**
Defendant *Pro Se*
arjun.vasan@gmail.com | (562) 900-6541

Application GRANTED in part. Defendant may incorporate any arguments from his proposed reply into a memorandum in opposition to Plaintiff's cross-motion for sanctions, ECF No. 59, which shall be filed no later than **September 1, 2025**. Plaintiff's reply, if any, shall be filed no later than **September 8, 2025.** The Clerk of Court is directed to mail a copy of this Order to Defendant.

SO ORDERED.

August 18, 2025