# EXHIBIT C-1

*Vexatious Pro Se Litigant
Using Generative AI*

June 15: AV proposes temporary stay; Counsel for Checkmate, Ryan Q. Keech rejects stay stipulation.

**037**

                                                                    Arjun Vasan &lt;arjun.vasan@gmail.com&gt;

## Temporary Stay - Checkmate.com, Inc. v. Vasan (25-CV-3181 (JMF))
5 messages

**Arjun Vasan** &lt;arjun.vasan@gmail.com&gt;                                                Sun, Jun 15, 2025 at 2:58 PM
To: "Keech, Ryan Q." &lt;ryan.keech@klgates.com&gt;, "Warns, Tom A." &lt;tom.warns@klgates.com&gt;

Mr. Keech, Mr. Warns,

I am writing to advise that I intend to request a temporary stay of proceedings in the Southern District of New York pending Judge Frimpong's final venue ruling in the related California action. In the interest of efficiency and judicial economy, your client may wish to consider stipulating to one of the following:

1. **Stipulate to extend** both Plaintiff's deadline for opposition and my subsequent reply deadline, so that both parties may address the C.D. Cal. ruling in their briefings on my S.D.N.Y. motion to dismiss/transfer; or

2. **If you prefer to keep the current briefing schedule unchanged**, I would request only a stay of decision (not scheduling), as reflected in the attached draft.

Please advise by close of business tomorrow whether your client will so stipulate, or I will proceed with filing the attached draft letter motion.

Thank you for your attention.

Best regards,
Arjun Vasan
Defendant Pro Se
arjun.vasan@gmail.com
562-900-6541

 **letter-motion-for-temporary-stay.pdf**
226K

---

**Keech, Ryan Q.** &lt;Ryan.Keech@klgates.com&gt;                                            Sun, Jun 15, 2025 at 3:43 PM
To: Arjun Vasan &lt;arjun.vasan@gmail.com&gt;, "Warns, Tom A." &lt;Tom.Warns@klgates.com&gt;, "Makitalo, Rebecca I." &lt;Rebecca.Makitalo@klgates.com&gt;, "Huey, Gabriel M." &lt;Gabriel.Huey@klgates.com&gt;, "Chiu, Stacey G." &lt;Stacey.Chiu@klgates.com&gt;, "Jones, Zach S." &lt;Zach.Jones@klgates.com&gt;

Mr. Vasan -

Thank you for your message.  First, all communications are to be directed to all counsel of record.  You did not do so below.  We ask that you please do so in the future.

Second, as you have noted, on its face, the document that you reference is not the final ruling of any court.  It is a tentative ruling on a different motion provided as a guide for oral argument.  It is a document that the court has expressly prohibited the parties, including you, from using in any other case.  ==Accordingly, the portions of this proposed filing that reference and reproduce that document constitute yet another AI-generated violation of your obligations==: this time, an order of a California federal judge.  If you proceed in the manner you propose and file this document, we will seek and obtain sanctions against you in <u>both</u> courts - which relief may include, without limitation, requesting that the court strike your motion (in New York) and opposition (in California), find against you as a matter of law in both jurisdictions and require that you compensate Checkmate for its associated fees and costs.

We understand that based on your behavior thus far, the Court in California already has had occasion to warn you that you are not exempt from the obligations imposed on all litigants by virtue of your choice to proceed without a lawyer. You would be well-advised to refrain from continuing to play games intended to test the consequences that will flow from disregarding that admonition.

Best regards,

**038**

# EXHIBIT C-2

*Vexatious Pro Se Litigant Using Generative AI*

June 15: Keech attempts to persuade SDNY *pro se* intake to reject the letter motion *ex parte*.

039



Arjun Vasan &lt;arjun.vasan@gmail.com&gt;

# Letter Motion for Temporary Stay – Checkmate.com, Inc. v. Vasan, No. 25-CV-3181 (JMF)

2 messages

---

**Arjun Vasan** &lt;arjun.vasan@gmail.com&gt;          Sun, Jun 15, 2025 at 10:01 PM
To: prose@nysd.uscourts.gov
Cc: "Keech, Ryan Q." &lt;ryan.keech@klgates.com&gt;, "Warns, Tom A." &lt;tom.warns@klgates.com&gt;, "Makitalo, Rebecca I." &lt;rebecca.makitalo@klgates.com&gt;

Dear Clerk of Court,

I am the pro se defendant in Checkmate.com, Inc. v. Vasan, No. 25-CV-3181 (JMF).

Attached please find my **Letter Motion for Temporary Stay of Proceedings** for filing on the docket.

The document has been served on opposing counsel via email contemporaneously with this submission.

Thank you for your assistance.

Best regards,
**Arjun Vasan**
Defendant *Pro Se*
arjun.vasan@gmail.com
562-900-6541

📄 **letter-motion-for-temporary-stay-flat.pdf**
835K

---

**Keech, Ryan Q.** &lt;Ryan.Keech@klgates.com&gt;          Sun, Jun 15, 2025 at 11:17 PM
To: Arjun Vasan &lt;arjun.vasan@gmail.com&gt;, "prose@nysd.uscourts.gov" &lt;prose@nysd.uscourts.gov&gt;
Cc: "Warns, Tom A." &lt;Tom.Warns@klgates.com&gt;, "Makitalo, Rebecca I." &lt;Rebecca.Makitalo@klgates.com&gt;, "Huey, Gabriel M." &lt;Gabriel.Huey@klgates.com&gt;, "Chiu, Stacey G." &lt;Stacey.Chiu@klgates.com&gt;

Dear Sir/Madam:

==We write on behalf of Plaintiff in the above-referenced action to request that this document be rejected for filing and returned to Mr. Vasan.==

==By way of background, Mr. Vasan is a pro se party who is using generative AI in a vexatious effort to, in his words, "crush" our client.  Tonight, in the latest example of one of these AI filings==, Mr. Vasan has asked that he be permitted to file a document, which he calls a "letter motion," that makes reference to portions of a tentative ruling in the Central District of California that Mr. Vasan was expressly ordered not to provide to any other court.  To that extent, Mr. Vasan's proposed filing violates a court order.

Because the portions of Mr. Vasan's proposed filing referencing the content of that document are a violation of that order and because Mr. Vasan's proposed filing does not otherwise comply with the Court's rules and procedures, ==Plaintiff respectfully requests that this filing be rejected== and Mr. Vasan directed to submit a document that makes whatever request he wishes to make in a compliant manner.

Respectfully,

**040**

# EXHIBIT C -3

*Vexatious Pro Se Litigant
Using Generative AI*

June 17 "Notice of Violation" in C.D. Cal.

041

Ryan Q. Keech (SBN 280306)
Ryan.Keech@klgates.com
Gabriel M. Huey (SBN 291608)
Gabriel.Huey@klgates.com
Stacey Chiu (SBN 321345)
stacey.chiu@klgates.com
Rebecca Makitalo (SBN 330258)
rebecca.makitalo@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant
CHECKMATE.COM INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN, <br><br> Plaintiff, <br><br> v. <br><br> CHECKMATE.COM, INC., <br><br> Defendant. | Case No. 2:25-CV-00765-MEMF-JPR <br><br> Hon. Maame Ewusi-Mensah Frimpong <br><br> **DEFENDANT CHECKMATE.COM, INC.'S NOTICE OF PLAINTIFF ARJUN VASAN'S VIOLATION OF COURT ORDER RE: TENTATIVE RULING ON MOTION TO DISMISS OR TRANSFER VENUE** <br><br> Complaint Filed: February 21, 2025 |

1600120313.1

**TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 16, 2026, Plaintiff Arjun Vasan ("Plaintiff") filed an AI-generated purported letter motion in the Southern District of New York, attached hereto as Exhibit 1, referencing the Court's tentative ruling on Defendant's Motion to Dismiss or Transfer Venue despite the Court's order that:

> *A TENTATIVE RULING DOES NOT REPRESENT THE FINAL DECISION OF THE COURT, AND THE PARTIES ARE STRICTLY PROHIBITED FROM FILING IT AS AN EXHIBIT IN ANY CASE.*

Emphasis in original. While multiple express warnings from counsel for Defendant were enough for Plaintiff to remove, prior to filing, certain ***portions*** of a previous AI-generated draft that explicitly reproduced the Court's ruling in a way that would likely have merited striking Plaintiff's opposition and an award of fees, Plaintiff ***still*** violated the spirit and intent of the Court's order by confirming the existence and making allusions to the content of that very same document: "On June 4, 2025, Judge Frimpong of the Central District of California issued a tentative ruling regarding Checkmate's motion to dismiss or transfer." Exhibit 1 at p.2.

Less than six (6) months have passed since Plaintiff filed his Complaint in January 2025, and the Court's docket is littered with a series of variously intelligible AI-generated filings (ECF Nos. 25, 39-44, 46-47, 49-51, 55-3-55-5, 56) that Plaintiff is creating as part of what he has said is a vexatious campaign to "crush" and "ruin[ ]" Defendant and its counsel (ECF Nos. 57-1 at ¶ 5, 57-4). The Court's standing order correctly warns Plaintiff that he must comply with its orders, Local Rules, and the Federal Rules of Civil Procedure despite his *pro se* status. It is a warning that may need to be reinforced.

| | | |
|---|---|---|
| 1 | Dated: June 17, 2025 | K&L GATES LLP |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Gabriel M. Huey<br>Stacey Chiu |
| 5 | | Attorneys for Defendant<br>CHECKMATE.COM, INC. |

# EXHIBIT C-4

*Vexatious Pro Se Litigant
Using Generative AI*

Temporary Stay Opposition (Dkt. 44)

045

**Checkmate's Opposition to AV's Letter**
**Motion for a Temporary Stay (Dkt. 44)**

Dear Judge Furman:

We write on behalf of Plaintiff Checkmate.com, Inc. ("Checkmate") in opposition to *pro se* Defendant Arjun Vasan's request for a "Temporary Stay of Proceedings" (ECF 38) and to respectfully request that the Court strike Mr. Vasan's AI-generated "Requests for Judicial Notice" added to the Court's docket (ECF No. 39).

By way of background, Mr. Vasan is a *pro se* Defendant responding to certain tort and contract claims based on misrepresentations Mr. Vasan made in connection with the sale of a voice ordering technology company to Checkmate in 2024. Recently, Mr. Vasan has boasted about his use of generative AI to create filings in an expressly vexatious effort to, in his words, cause needless expense and become an "insufferable" litigant who will "crush" Checkmate and "completely crush" and "ruin" its counsel. *See generally* Amended Complaint ¶ 36. Both the letter motion (ECF No. 38) and the "Requests for Judicial Notice" (ECF No. 39) fall into that category and should be viewed accordingly.

Page 1

initiated by Mr. Vasan pending in the Central District of California – Mr. Vasan's untimely AI-generated requests plainly stretch well beyond that, attempt to resolve factual disputes and invite the Court to weigh competing inferences in violation of the Rules. *See Global Net. Comms., Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (matters extraneous to complaint subject to exclusion unless court converts motion to one for summary judgment and provides opportunity for

Page 2

For these and other reasons, Checkmate again respectfully requests that the Court (a) deny Mr. Vasan's AI-generated "temporary stay" motion (ECF 38) and (b) strike and/or disregard Mr. Vasan's AI-generated "requests for judicial notice." Plaintiff also respectfully requests that Mr. Vasan be instructed (i) to confer with Plaintiff's counsel before making any further motions and (ii) to request a pre-motion conference with the Court, by letter, before filing any additional motions. Mr. Vasan's vexatious litigation strategy, which he is pursuing in both New York and California, continues to burden the Court and inflict significant and unwarranted costs on Plaintiff.

Page 3

046

# EXHIBIT C-5

*Vexatious Pro Se Litigant
Using Generative AI*

May 28-30 Email Thread re Service Issues

**Arjun Vasan** <arjun.vasan@gmail.com>  Wed, May 28, 2025 at 6:01 PM
To: "Warns, Tom A." <Tom.Warns@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>

Mr. Warns, Mr. Keech,

Thank you for your response. However, I must reiterate that Section 9.11 of the Merger Agreement expressly requires that all legal notices and communications be delivered by overnight courier (e.g., FedEx, UPS, or equivalent), unless otherwise agreed in writing. I do not agree.

Judge Furman's Individual Practices require only that pro se parties be served with a paper copy of any electronically filed document, but do not specify or restrict the method of such service. As there is no direct conflict between the court's requirements and the contractual notice provision, the parties' bargained-for service method must control.

> C. Service on a Pro Se Party. Absent a pro se party consenting to receipt of electronic service, counsel in pro se cases **must serve a pro se party with a paper copy** of any document that is filed electronically and must file with the Court a separate Affidavit of Service. Submissions filed without proof of service that the pro se party was served will not be considered.

Accordingly, I do not consent to any service method other than that prescribed by Section 9.11 of the Merger Agreement. Please ensure that all future legal notices, filings, and communications are delivered via overnight courier as required.

If you continue to serve by first-class mail or any other non-compliant method, I will object on the grounds of improper service and reserve all rights available to me under the agreement and applicable law.

Thank you for your attention to this matter.

Sincerely,

Arjun Vasan

[Quoted text hidden]

---

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>  Wed, May 28, 2025 at 6:12 PM
To: Arjun Vasan <arjun.vasan@gmail.com>, "Warns, Tom A." <Tom.Warns@klgates.com>

Mr. Vasan,

Thank you for your response.  Given that you have now reviewed the Merger Agreement and acknowledge that its provisions apply to the litigation of this dispute (which is an acknowledgment that we appreciate), ==we trust that you will be withdrawing your opposition to Checkmate's pending motion to dismiss and answering the complaint filed and pending against you in New York==.  We would be happy to prepare drafts of any required notices if you would prefer that we do so.  Please let us know.

Best regards,



**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070

**048**

Mobile: 646.510.3630
ryan.keech@klgates.com

www.klgates.com

Austin  Beijing  Berlin  Boston  Brisbane  Brussels  Charleston  Charlotte  Chicago  Dallas  Delaware  Doha  Dubai  Dublin  Fort Worth  Frankfurt  Harrisburg  Hong Kong  Houston  Kansas City  London  Los Angeles  Luxembourg  Melbourne  Miami  Milan  Munich  Nashville  Newark  New York  Orange County  Palo Alto  Paris  Perth  Pittsburgh  Portland  Raleigh  Research Triangle Park  San Francisco  São Paulo  Seattle  Seoul  Shanghai  Singapore  Sydney  Taipei  Tokyo  Washington, D.C.

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Wednesday, May 28, 2025 6:01 PM
**To:** Warns, Tom A. <Tom.Warns@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>
**Subject:** Re: Notice of Breach Regarding Service Method – Merger Agreement §9.11

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>    Wed, May 28, 2025 at 6:45 PM
To: "Keech, Ryan Q." <Ryan.Keech@klgates.com>
Cc: "Warns, Tom A." <Tom.Warns@klgates.com>

Mr. Keech,

It applies to Checkmate's claims in New York, not to my claims in California. I will be proceeding with my motion to dismiss in the former, and with my *individual* claims in the latter (to which I have never said it applies, and it clearly does not in plain text)

- Arjun

Sent from Gmail Mobile
[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>    Wed, May 28, 2025 at 7:38 PM
To: "Keech, Ryan Q." <ryan.keech@klgates.com>, "Warns, Tom A." <tom.warns@klgates.com>

==And, Mr. Keech, if your client was genuinely attempting to enforce the Merger Agreement (and any other agreement it alleges I am subject to) in good faith, it would have provided executed copies upon my numerous requests dating back to November, 2024.==

That it did not—and indeed has not—draws a clear inference of bad faith and selective enforcement. Rather, it has expected me to pursue my claims blindly, and more egregiously demanded I answer its claims the same way.

This is not surprising. Your client has established a clear disregard for its contracts and the law.

I am confident the courts in both jurisdictions will reach the same conclusion.

Sent from Gmail Mobile
[Quoted text hidden]

---

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>    Wed, May 28, 2025 at 8:29 PM
To: Arjun Vasan <arjun.vasan@gmail.com>, "Warns, Tom A." <Tom.Warns@klgates.com>

**049**

Mr. Vasan,

Notwithstanding these outbursts and puzzling attempts to harass Checkmate and its counsel, it is clear, as it is with many things you send, that you understood what you meant by Merger Agreement when you used those terms. Your written demands to enforce what you correctly admit are the "bargained for" provisions of the Merger Agreement to bind yourself and the parties to this litigation require a prompt withdrawal of your opposition to Checkmate's motion to dismiss and your answering of the complaint pending against you so as to fully and promptly enable the parties to address the evidence of the misconduct surrounding the VoiceBite transaction and your participation in it.

We look forward to your compliance with the foregoing.

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>       Wed, May 28, 2025 at 9:06 PM
To: "Keech, Ryan Q." <Ryan.Keech@klgates.com>
Cc: "Warns, Tom A." <Tom.Warns@klgates.com>

Mr. Keech,

I wish you luck in making that argument in front of an actual federal judge. Unlike Checkmate, I never sought to enforce the merger agreement in my claims. The merger agreement contemplates a collective process, not amenable to individual claims, such as mine. Checkmate is violating that collective process in New York.

Or, perhaps you are aware of a statute similar to Labor Code 925 that protects corporations from their employees? Enlighten me.

- Arjun

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>       Thu, May 29, 2025 at 5:10 PM
To: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Warns, Tom A." <tom.warns@klgates.com>

Mr. Keech,

It is further noted that, while you accuse me of an outburst, you appear to be having a tantrum of your own. Your lack of linguistic precision is also duly noted.

As I have previously noted, you might consider running your next draft through generative AI. There is nothing to be ashamed of—just a suggestion to improve your professional capabilities.

In any case, your recent and unhinged demands have been duly noted and will be presented to the appropriate judicial authorities in due course.

Best regards,

Arjun Vasan

[Quoted text hidden]

---

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>       Thu, May 29, 2025 at 5:27 PM
To: Arjun Vasan <arjun.vasan@gmail.com>, "Warns, Tom A." <Tom.Warns@klgates.com>

Mr. Vasan (or the "generative AI" program posing as Mr. Vasan),

050

We take it from this afternoon's outburst that you consider it to be "unhinged" for our client to reject your apparent expectation that our client will pay you millions of dollars notwithstanding the evidence of your participation in and orchestration of the fraudulent conduct alleged in the complaint pending against you. Obviously, our client disagrees with your position.  Further, and while we continue to be puzzled by what you think you are doing, we note your latest admission regarding your obvious and improper use of "generative AI" to facilitate your threats and harassment of Checkmate and its counsel and will continue to proceed accordingly.

Best regards,

**K&L GATES**

**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com

www.klgates.com

*Austin  Beijing  Berlin  Boston  Brisbane  Brussels  Charleston  Charlotte  Chicago  Dallas  Delaware  Doha  Dubai  Dublin  Fort Worth  Frankfurt  Harrisburg  Hong Kong  Houston  Kansas City  London  Los Angeles  Luxembourg  Melbourne  Miami  Milan  Munich  Nashville  Newark  New York  Orange County  Palo Alto  Paris  Perth  Pittsburgh  Portland  Raleigh  Research Triangle Park  San Francisco  São Paulo  Seattle  Seoul  Shanghai  Singapore  Sydney  Taipei  Tokyo  Washington, D.C.*

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Thursday, May 29, 2025 5:11 PM
**To:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Warns, Tom A. <Tom.Warns@klgates.com>
**Subject:** Re: Notice of Breach Regarding Service Method – Merger Agreement § 9.11

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                    Thu, May 29, 2025 at 7:30 PM
To: "Keech, Ryan Q." <Ryan.Keech@klgates.com>
Cc: "Warns, Tom A." <Tom.Warns@klgates.com>

Mr. Keech,

What is unhinged is contradicting your own parties' stated position in 34 minutes.

5:38pm: Section 9.11 of the Merger Agreement is inapplicable with respect to filings in this action.
6:12pm: .. acknowledge that its provisions apply to the litigation of this dispute (which is an acknowledgment that we appreciate)

- Arjun

**051**

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>    Fri, May 30, 2025 at 12:16 PM
To: robert nessler <robert.nessler@gmail.com>, Chris Lam <chrislam.contact@gmail.com>

the keechster lol. i would hardly believe he exists if i didn't know him.
[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>    Fri, May 30, 2025 at 12:24 PM
To: "Keech, Ryan Q." <Ryan.Keech@klgates.com>
Cc: "Warns, Tom A." <Tom.Warns@klgates.com>

Mr. Keech, Mr. Warns,

Just so you are aware, I have never accepted your "service". You need to personally serve me as per New York and federal law, or the clock hasn't started. As I informed you earlier, I am here, waiting.

Best regards,
Arjun Vasan
[Quoted text hidden]

---

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>    Fri, May 30, 2025 at 4:06 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Warns, Tom A." <Tom.Warns@klgates.com>

Mr. Vasan,

Service was effectuated months ago.  The law does not recognize the validity of ==generative AI-fueled email denials of service as defenses to the claims pending against you.==

Best regards,

**K&L GATES**

**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com

www.klgates.com

*Austin  Beijing  Berlin  Boston  Brisbane  Brussels  Charleston  Charlotte  Chicago  Dallas  Delaware  Doha  Dubai  Dublin  Fort Worth  Frankfurt  Harrisburg  Hong Kong  Houston  Kansas City  London  Los Angeles  Luxembourg  Melbourne  Miami  Milan  Munich  Nashville  Newark  New York  Orange County  Palo Alto  Paris  Perth  Pittsburgh  Portland  Raleigh  Research Triangle Park  San Francisco  São Paulo  Seattle  Seoul  Shanghai  Singapore  Sydney  Taipei  Tokyo  Washington, D.C.*

052

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Friday, May 30, 2025 12:24 PM
**To:** Keech, Ryan Q. <Ryan.Keech@klgates.com>
**Cc:** Warns, Tom A. <Tom.Warns@klgates.com>
**Subject:** Re: Notice of Breach Regarding Service Method – Merger Agreement § 9.11

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                                        Fri, May 30, 2025 at 4:12 PM
To: "Keech, Ryan Q." <Ryan.Keech@klgates.com>

Mr. Keech,

Only in your warped and repeatedly proven wrong sort of "mind".

As always,
Best Regards

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                                        Fri, May 30, 2025 at 4:18 PM
To: "Keech, Ryan Q." <Ryan.Keech@klgates.com>

Your client's ridiculous claims are going to embarrass you. The fact that you do not understand this speaks volumes.

I am only sending this because I do not want to let you argue "he waived all defenses" or some other nonsense.

Your client has no defenses. I don't need any.

The best option for both you, personally, and your client, is to withdraw its claims and pay what it owes me.

- Arj
[Quoted text hidden]

---

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>                                                    Fri, May 30, 2025 at 5:29 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Warns, Tom A." <Tom.Warns@klgates.com>

Mr. Vasan,

So that we may evaluate your position, please explain, in detail and with evidence, what it is about our client's claims against you – and the evidence of your conduct – that you consider to be "ridiculous" or that will "embarrass" it.

Otherwise, while you are a pro se litigant and it is clear that you are angry, nothing excuses you from compliance with the basic obligations imposed on every litigant.  As has been explained to you, there is no justification for your admitted, consistent and ongoing use of "generative AI" to prepare documents that violate these obligations and further your stated goal to "crush," "ruin" and "embarrass" Checkmate and its counsel.  On behalf of our client, we ask that you please identify any "generative AI" platform you have utilized and are utilizing in drafting and revising any documents filed or served in this case and make sure that you preserve any associated records.

**053**

Best regards,

**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com

www.klgates.com

*Austin  Beijing  Berlin  Boston  Brisbane  Brussels  Charleston  Charlotte  Chicago  Dallas  Delaware  Doha  Dubai  Dublin  Fort Worth  Frankfurt  Harrisburg  Hong Kong  Houston  Kansas City  London  Los Angeles  Luxembourg  Melbourne  Miami  Milan  Munich  Nashville  Newark  New York  Orange County  Palo Alto  Paris  Perth  Pittsburgh  Portland  Raleigh  Research Triangle Park  San Francisco  São Paulo  Seattle  Seoul  Shanghai  Singapore  Sydney  Taipei  Tokyo  Washington, D.C.*

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Friday, May 30, 2025 4:18 PM
**To:** Keech, Ryan Q. <Ryan.Keech@klgates.com>
**Subject:** Re: Notice of Breach Regarding Service Method – Merger Agreement § 9.11

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                              Fri, May 30, 2025 at 6:27 PM
To: "Keech, Ryan Q." <Ryan.Keech@klgates.com>
Cc: "Warns, Tom A." <Tom.Warns@klgates.com>

Mr. Keech,

Since you are a qualified attorney, please first list all technology you have used, including word processor, AI, email platform, legal databases, pencil/paper, and typewriter.

The law imposes no additional obligation on a pro se litigant, nor has it defined any special standard concerning the use of "AI" as opposed to any other technology. Technology is a tool, nothing more. I understand that you may be upset and frustrated that advances in technology have leveled the playing field. All filings I have made comply with the governing rules and are my own work, regardless of any tool I may use.

The ridiculousness of your allegations is manifold. I don't need to get into the in-depth merits to prove that.

1. Your client cannot point to any damages. 4/5 of the team are still employed. The technology continues to be developed, and profited from. There won't be any damages, since we didn't inappropriately use any IP that we did not have full authorization to use.

**054**

2. You will never be able to separate anything I did from my co founders. We acted, in good faith, as a team, hiding nothing from one another. You have no standing to sue me as an individual. Any trickery you and your client pulled at the last minute to enable personal liability through the IP Letter and Assignment Agreement are evidence of your client's fraud, not mine or the voicebite team's.

3. "Looking for work" and "contacting a competitor" is not a breach of any valid non-compete agreement.

Best regards,

Arjun Vasan

[Quoted text hidden]

---

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>  Fri, May 30, 2025 at 7:14 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Warns, Tom A." <Tom.Warns@klgates.com>

Mr. Vasan,

We understand from your continued failure to provide any evidence of what it is about our client's claims against you that you consider to be "ridiculous" or that will "embarrass" it that you have no such evidence and that you, further, believe you have no obligation to provide such evidence.  We further understand that your only excuses for the conduct you are alleged to have engaged in are that our client has, in your view, suffered no damage and that you believe that your admitted solicitation of Checkmate competitors does not constitute a breach of any obligations.  We, finally, understand that you intend to shift blame to other VoiceBite "co-founders" for the fraud that you are alleged to have orchestrated.  They will likely need to be made aware of your serious allegations: please let us know if you have any objections to us doing so.

==“Advances in technology” that have “leveled the playing field” is certainly an interesting euphemism for your admitted, consistent and ongoing use of “generative AI” to prepare and file documents that violate the rules and further your stated goal to “crush,” “ruin” and “embarrass” Checkmate and its counsel.==  It is clear that whatever platform that you are utilizing is telling you what you want to hear, which of course is its function.  But it is not telling you, because it is not designed to tell you, the truth.  More seriously, it is enabling repeated and increasingly serious violations of your basic obligations as a litigant.  We thus ask again that you immediately identify the platform that you have utilized and demand that you preserve all associated records.

Best regards,

**K&L GATES**

**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com

www.klgates.com

**055**