

|  |  |
|---|---|
| | Thomas A. Warns |
| | Partner |
| | tom.warns@klgates.com |
| December 2, 2025 | T +1 212 536 4009 |
| | F +1 212 536 3901 |

Hon. Jesse M. Furman
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

**Re:** **Checkmate.com Inc. v. Arjun Vasan, Case No. 25-cv-03181-JMF – Notice to Court Regarding Vasan's Vexatious Litigation in Other Fora**

Dear Judge Furman,

I write on behalf of Checkmate.com Inc. ("Checkmate"). While I regret the necessity of addressing the Court in an action that has been closed for over four months, I believe the Court should be made aware of Defendant Arjun Vasan's ("Vasan") vexatious conduct in the pending California proceeding between the parties (Vasan v. Checkmate.com Inc., Case No. 2:25-CV-00765-MEMF-JPR) (the "California Action"). Vasan's conduct further demonstrates the urgent need for the relief sought in Checkmate's pending cross-motion for sanctions.

As this Court is aware, both Checkmate and Vasan filed lawsuits against each other in different jurisdictions at approximately the same time earlier this year, with Checkmate filing suit in New York pursuant to a forum selection clause in the parties' Merger Agreement, and Vasan filing suit in California.[1] As Checkmate noted in its previous letter to the Court dated July 2 (ECF No. 51), on March 26, 2025, Checkmate filed a motion to dismiss or transfer Vasan's employment-related claims in the California Action (the "California Motion"). On June 24, 2025, the California Court issued its ruling denying the California Motion.[2] As explained in Checkmate's July 2 letter, given the differences in the subject matter and the nature of the claims in the California Action, Checkmate did not believe that the California Court's ruling in the California Action would affect this Court's determination of the issues, including this Court's determination of the then-pending

---

[1] *Vasan v. Checkmate.com, Inc.*, Case No. 2:25-CV-00765-MEMF-JPR.

[2] *See* Defendant's "Notice of Supplemental Authority; Final Order in Related Action in the Central District of California" (ECF No. 49).

motions. Nonetheless, Checkmate chose to voluntarily dismiss this action without prejudice in favor of proceeding against Vasan in the California Action, primarily to avoid litigating in multiple fora and driving up its legal costs. (ECF No. 53).

After Checkmate voluntarily dismissed this case, and despite this Court's expressed skepticism regarding any basis for fees or sanctions (ECF No. 57), Vasan moved for post-dismissal sanctions and costs (ECF No. 58). Checkmate opposed the motion and cross-moved for sanctions based on Vasan's repeated harassing misconduct and meritless filings, including his motion for sanctions. (ECF No. 59). Vasan opposed Checkmate's cross-motion (ECF No. 66), and Checkmate filed a reply brief in support of its request (ECF No. 67). Importantly, in opposing Checkmate's cross-motion, Vasan minimized and disavowed some of the sanctions he was seeking – claiming that "Rule 11 relief" was "solely as a guidepost," that he was "withdraw[ing] any request for personal monetary compensation" and "withdraw[ing] any request for preclusion/striking," while "ask[ing] for narrow findings on two key assertions."  (ECF No. 66). Vasan's motion for sanctions and Checkmate's cross-motion for sanctions remain pending.

Belying his claims of "narrow relief" and underlining the urgency of the relief Checkmate seeks, Vasan has proven himself unable to restrain himself and has since filed a second motion in the California Action seeking almost exactly the same relief he disavowed here. *See* ECF No. 121, California Action ("California Sanctions Motion"), attached hereto as Exhibit A. Vasan's California Sanctions Motion largely reiterates the same arguments previously presented to this Court: that Checkmate has purportedly misattributed statements to Vasan; allegedly failed to disclose operative contracts to Vasan; and has supposedly improperly relied on settlement communications. (*Compare* Vasan's California Sanctions Motion attached hereto as Exhibit A; *with* ECF Nos. 58 (Vasan's motion for sanctions in this case) and 66 (Vasan's reply/opposition brief). Like Vasan's motion before this Court,[3] his California Sanctions Motion impermissibly asks the Court to determine the merits of the parties' dispute by seeking a ruling that Checkmate's counterclaims lack evidentiary support and a dismissal of those counterclaims with prejudice.[4] And, as he did here, prior to filing the California Sanctions Motion, Vasan again threatened to file it unless Checkmate dismissed its claims with prejudice. (Compare Ex. B hereto with ECF No. 60, Ex. C (a true and correct copy of an email from Vasan to Checkmate's attorneys, dated June 26, 2025, demanding that Checkmate "promptly and voluntarily dismiss, with prejudice" this action)).

---

[3] As explained in Checkmate's reply brief (ECF No. 67), Vasan's motion for sanctions before this Court improperly asks the Court to determine the merits of the parties' dispute, apparently in the hopes that the Court's ruling will help his position in the California Action. *Id.* at 7 (addressing Vasan's requested relief of "a finding that these allegations lacked evidentiary support when made" and "a requirement that Checkmate file notice of such order in CDCA.").

[4] The California sanctions motion is brought pre-discovery, and before the Court has issued a ruling on Vasan's motion to dismiss Checkmate's counterclaims.

In short, Vasan's California Sanctions Motion—which asks that court to sanction Checkmate for the same conduct that Vasan already raised as the basis for a sanctions motion with this Court—underlines the basis for Checkmate's request for sanctions: a continued and improper strategy to coerce Checkmate into dismissing its claims under the threat of ongoing harassment and vexatious litigation. Vasan's repeated filing of sanctions motions, both here and in the California Action, are a clear misuse of the judicial process, aimed at pressuring Checkmate into abandoning its legitimate claims. This tactic not only burdens the courts with redundant and baseless motions but exemplifies a pattern of harassment designed to intimidate Checkmate.

Checkmate thanks the Court for its continued attention to this matter and reserves all rights.


Respectfully,

/s/ Thomas A. Warns

Thomas A. Warns
Partner