UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CHECKMATE.COM, INC.,

                Plaintiff                             25-CV-3181 (JMF)

                                                              DEFENDANT ARJUN VASAN'S REPLY TO

-against-                              PLAINTIFF CHECKMATE.COM, INC.'S
                                                              LETTER RE CALIFORNIA RULE 11
                                                               SANCTIONS MOTION

ARJUN VASAN,

                Defendant
-------------------------------------------------------X

**Hon. Jesse M. Furman**
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

**Re:** Checkmate.com Inc. v. Vasan —Reply to Plaintiff's Letter re: Sanctions Motion

Dear Judge Furman:

      I write *pro se* in response to Checkmate's December 2, 2025, letter regarding my Rule 11 motion in the Central District of California. See Letter from Thomas A. Warns to Hon. Jesse M. Furman (Dec. 2, 2025), ECF No. 69 ("Warns Letter").

      The letter mischaracterizes both (1) the relief I requested in this Court after Checkmate voluntarily dismissed this action, and (2) the nature of the sanctions motion now pending before Judge Frimpong in Arjun Vasan v. Checkmate.com Inc., No. 2:25-cv-00765-MEMF-ASx (C.D. Cal.) ("California Action"). It also invites this Court to treat ordinary Rule 11 practice: serving a safe-harbor motion and then filing it if the challenged papers are not withdrawn—as "vexatious," which it is not. I respectfully submit this letter so that the Court has a more accurate picture.

-1-

1. The Sanctions Motion in This Court Was Narrowed After Dismissal

Checkmate tells the Court that I "minimized and disavowed" the sanctions I was seeking here, and that my California motion now "seeks almost exactly the same relief [I] disavowed." Warns Letter at 2. That is beside the point. The same relief was simply no longer available here—this Court could not meaningfully strike allegations or dismiss a live pleading.

When I began drafting my sanctions motion for this Court, this action was still active, and I intended to seek Rule 11 relief for conduct in this forum. After Checkmate voluntarily dismissed this action (ECF No. 53), Rule 11 was no longer available "on motion". Further, due to the Court expressed skepticism for post-dismissal fees or sanctions (ECF No. 57), I narrowed my requested relief due to the changed posture. In my reply/opposition (ECF No. 66), I withdrew my requests for (1) personal monetary compensation and (2) preclusion/striking with respect to the S.D.N.Y claims, and I instead asked for narrow findings on two discrete misrepresentations because those issues bore directly on Checkmate's credibility in the California Action.

That was not a "disavowal" of Rule 11. It was a recognition that some remedies no longer made sense in a case this Court had already closed as to the merits. See ECF No. 66, at 1–2. I left it to the Court whether any narrower, non-duplicative relief was appropriate in this forum.

2. The California Sanctions Motion Targets Different Papers and a Different Court

Checkmate's letter suggests that my Rule 11 motion in the California Action (ECF No. 121 there) is an attempt to re-litigate the same request I made here. Warns Letter 2–3. That is also not correct. The California motion is directed to:

1. Counterclaims in the California Action (not the dismissed S.D.N.Y complaint, which is a separate paper before a different Court—even if similar; The better question is why Checkmate would re-file verbatim allegations it knows to be false).

2. Checkmate's use of extortionate "Notices of Claim" to provoke responses it now calls "admissions" in the Counterclaims (and previously the S.D.N.Y complaint); and

-3-

> litigation conduct that has occurred in the California Action, including the continued use of California-specific allegations and discovery positions.
>
> 3. Checkmate's improper use of settlement communications to argue merits.
>
> 4. While the misattribution and fabricated damages claims I put at issue here are also raised, this is proper as Checkmate continues to advocate them in California.

Those Counterclaims are being litigated before Judge Frimpong, not before this Court. The California motion asks that court to address Rule 11(b)(1)–(3) issues tied to its docket.

To be sure, some themes overlap. Checkmate reused the same core allegations and many of the same mischaracterized documents in both fora. Unsurprisingly, some Rule 11 arguments overlap too: misattribution of statements, failure to provide operative contracts, and misuse of settlement communications. But that overlap stems from *Checkmate's decision* to carry forward the same allegations—not from any desire to "multiply proceedings." Specifically, as I described in the Cal. Action ECF No. 121 at 10, "On Sep. 18, 2025, Checkmate files an unauthorized and untimely opposition (Opp.) to the MTD —20 days late per the Court's standing order—still withholding the IP papers. The Opp. again repeats the issues AV raised in the sanctions motion. See Dkt. 95." Checkmate had, by then, several opportunities to withdraw or caveat the issues set forth in the S.D.N.Y sanctions motion—and had been presented with irrefutable evidence of its own creation, as well as sworn testimony from Mr. Nessler. As this Court recognizes, persisting in known falsehoods to mislead a court is a clear indicator of bad faith. See *Macolor v. Libiran*, No. 14-CV-4555 (JMF), 2015 WL 1267337, at *4 (S.D.N.Y. Mar. 19, 2015).

Rule 11 is forum-specific. I cannot ask this Court to sanction Checkmate for how it has litigated in California. I must ask the California court to do that. Likewise, if this Court concludes that any sanctions are appropriate *here*, it will address conduct in this case.

<u>3. Asking an Adversary to Withdraw Questionable Claims Is What Rule 11 Requires</u>

Checkmate points to my email stating that I would not file a sanctions motion if it withdrew its claims by a deadline and calls this a "threat" and part of an "improper strategy to coerce Checkmate into dismissing its claims." Warns Letter 2–3; see also ECF No. 60, Ex. C. But that is exactly how Rule 11(c)(2) is supposed to work.

Rule 11(c)(2) requires a party seeking sanctions to serve the motion, then refrain from filing it if "the challenged paper is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). The safe-harbor mechanism only functions if the movant tells the other side, in substance, "if you withdraw or correct by X date, I will not file this motion." That is what I did in California. It is not a "threat"; it is compliance with Rule 11.

This Court is, of course, familiar with that process from the sanctions motion and cross-motion already under submission. I simply ask that the Court not accept Checkmate's attempt to re-label ordinary Rule 11 practice as "harassment."

4. Any Concerns About the California Action Are Properly Before Judge Frimpong

Finally, Checkmate urges this Court to view my California sanctions motion as further support for its cross-motion for sanctions here. Warns Letter 2–3. This is inappropriate.

The California Action is an active case, before a different judge, under that court's local rules and orders. Hon. Judge Frimpong has already ruled on and denied Checkmate's motion to dismiss or transfer in the California Action, and the parties are now litigating Checkmate's Counterclaims and my pending Rule 11 motion there. See ECF No. 49; Vasan v. Checkmate.com Inc., No. 2:25-cv-00765-MEMF-ASx (C.D. Cal.).

If Judge Frimpong believes my California sanctions motion is improper or vexatious, she can deny it and, if warranted, sanction me in that court. If she believes Checkmate's conduct warrants sanctions, she can grant the motion. Either way, that determination belongs to the court managing that case. Any sanctions this Court may grant or deny here will address conduct *in this action*, on this docket, under this Court's rules. I do not ask this Court to police the California Action. I respectfully suggest that Checkmate should not ask this Court to do so either.

-4-

5. <u>The Larger Picture Matters</u>

Stepping back, I believe the larger picture also matters. Checkmate is eager to paint me (here the *Defendant*) as "vexatious," but it has never meaningfully confronted the allegations I challenged—either here or in California. Its opposition in the California Action largely mirrors its non-opposition here: it repeats the same narrative, relies on the same documents, and does not correct the misattributions and omissions I identified. The real question, in my view, is not why I moved for sanctions in two courts, but why Checkmate has continued to re-file and re-argue the same allegations in multiple fora without alteration, despite being confronted with documentary evidence and sworn testimony—<u>which it yet refuses to address</u>. The California motion responds to this continued advocacy; it is not an attempt to "re-litigate" what this Court has decided.

<u>I have never been involved in litigation before this dispute</u>. I have not filed serial lawsuits and Checkmate points to no paper before this Court, or the California one, sufficiently frivolous that it independently was compelled to move for sanctions. That is because none exist. Notably, its California Opposition re-attaches the same burst of heated emails from over five months ago. While I regret those emails, they were not filings before the Court. The only new material it has added are a Rule 11 statement that if the offending material is withdrawn, I would not file; and an objection to its uncivil conduct toward my 70-year-old father with documented health issues.

Checkmate asks the Court to disregard its own high bar for "vexatious" conduct and turn frustrated, off-docket emails and an ordinary *pro se* learning curve into "improper purpose". But this falls far short of the standards this Court and the Second Circuit have articulated. See *Skyline Steel, L.L.C. v. PilePro, L.L.C.*, 101 F. Supp. 3d 394, 408 (S.D.N.Y. 2015) (Furman, J.) (citing Enmon v. Prospect Cap. Corp., 675 F.3d 138, 143 (2d Cir. 2012), and *Wilson v. Citigroup, N.A.*, 702 F.3d 720, 724 (2d Cir. 2012)); *New York Wheel Owner LLC v. Mammoet Holding B.V.*, 481 F. Supp. 3d 216 (S.D.N.Y. 2020), and No. 17-cv-4026 (JMF) (S.D.N.Y. June 29, 2021). Where the Court actually found conduct "wanton" and "vexatious," it involved serial frivolous lawsuits and persistent, racist or threatening language in the face of explicit warnings. See *Carter v. Park*, No. 23-cv-10887 (JMF) (S.D.N.Y. June 21, 2024). There is nothing of the sort here (from me).

The inflammatory allegations it has put forth are *career-threatening* and used as leverage against my own employment claims. I respectfully sought the Court's attention to two specific assertions filed in Checkmate's original complaint and later advocated—and indeed escalated, in subsequent briefing in this case. These allegations lack evidentiary support; and are contradicted by sworn third party testimony and the contracts it itself has filed. Contesting such allegations has occupied the bulk of my time over the last year and frustrated pursuit of my own affirmative claims. <u>This is my only purpose</u>—my earned wages and future career prospects are at stake.

Checkmate cross-motion and now its letter are thus not only unpersuasive but speak to its true purpose—avoiding the issues I have properly raised. I respectfully request the Court to disregard this uncivil and unjust attempt to undermine a *pro se* party's zealous self-advocacy.

6. <u>Requested Relief</u>

For the reasons herein, I respectfully request that the Court decide the pending sanctions motion and cross-motion in this case (ECF Nos. 58, 59, 66, 67) on a careful and thorough review of the record before it. I agree with Checkmate that the issues raised in S.D.N.Y are <u>not moot</u>, and that the parties and the interest of justice would be served by this Court's consideration.

Thank you for the Court's attention.

DATED: December 2, 2025,

In **Cerritos, California**

Respectfully Submitted,

*/s/* **Arjun Vasan**

_____

Arjun Vasan
Defendant *Pro Se*
arjun.vasan@gmail.com
(562) 900-6541