```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
CHECKMATE.COM, INC.,                                                   :
                                                                       :
                              Plaintiff,                               :
                                                                       :           25-CV-3181 (JMF)
               -v-                                                     :
                                                                       :        MEMORANDUM OPINION
ARJUN VASAN,                                                           :             AND ORDER
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In 2024, Checkmate.com, Inc. ("Checkmate") acquired a startup called VoiceBite Corporation ("VoiceBite"). *See* ECF No. 21 ("Am. Compl."), ¶¶ 13-15. In the years since, Checkmate and Arjun Vasan, VoiceBite's co-founder, have been engaged in contentious litigation. Vasan struck first, suing Checkmate in the United States District Court for the Central District of California for wrongful termination of his post-acquisition employment. *See Vasan v. Checkmate.com Inc.*, No. 2:25-CV-765, ECF No. 10 (C.D. Cal. Feb. 21, 2025). Checkmate then filed suit in this Court, accusing Vasan of fraudulently misrepresenting his ownership and authorship of VoiceBite's codebase and violating a noncompete agreement, *see* Am. Compl. ¶¶ 24-31, 50, and moved to transfer the California action to here. Last June, the California court denied Checkmate's transfer motion, *see* ECF No. 51, after which Checkmate voluntarily dismissed the case in this District in favor of pursuing counterclaims in the California action, *see* ECF Nos. 53, 55. The California action is apparently still ongoing.

Two days after Checkmate voluntarily dismissed this case, Vasan — who is proceeding here without counsel — requested an extension of time to file a motion for fees or sanctions. *See* ECF No. 56. In an endorsement, the Court expressed skepticism that there would be a basis for

such relief, but granted Vasan's request for an extension. ECF No. 57, at 2. Thereafter, Vasan filed a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent authority. ECF No. 58 ("Def.'s Mem."). Checkmate opposed that motion and filed its own cross-motion for sanctions pursuant to Rule 11. ECF No. 59 (Pl.'s Mem."). For the reasons that follow, the Court DENIES both motions and declines to award Checkmate's fees and costs for defending against Vasan's sanctions motion.

## A. Vasan's Motion for Sanctions

As noted, Vasan moves for sanctions pursuant to Rule 11, Section 1927, and the Court's inherent authority. Def.'s Mem. 1-2.[1] The Court will analyze each proffered basis in turn.

As relevant here, Rule 11(b) provides that, "[b]y presenting to the court a pleading, written motion, or other paper," a filing party "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . it is not being presented for any improper purpose" and that "the factual contentions [therein] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c)(1).

Significantly, a party seeking sanctions pursuant to Rule 11 must comply with strict procedural requirements. *See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175-76 (2d Cir. 2012). Most relevant here, the Rule contains a

---

[1] In his reply brief, Vasan disclaims any reliance on Rule 11, which he says he referenced "solely as a . . . *sua sponte* option" for the Court. ECF No. 66 ("Def.'s Reply"), at i.

"safe harbor" provision that requires the moving party to, first, provide notice and a draft of the planned motion for sanctions to the non-moving party and, second, give the non-moving party twenty-one days before filing the motion, during which time the non-moving party has an opportunity to withdraw the offending document or take appropriate corrective action.  FED. R. CIV. P. 11(c)(2).  "A motion that fails to comply with the safe harbor provision of Rule 11 must be denied."  *Castro v. Mitchell*, 727 F. Supp. 2d 302, 306 (S.D.N.Y. 2010) (collecting cases).  Here, Vasan concedes that the "21-day safe harbor requirement was not . . . satisfied."  Def.'s Mem. 2 n.3.  Accordingly, to the extent that he still asks the Court to impose sanctions under Rule 11, his request must be and is DENIED as procedurally improper.  *See Castro*, 727 F. Supp. 2d at 306.

That leaves Vasan's requests for sanctions pursuant to Section 1927 — which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct" — and the Court's inherent authority.  28 U.S.C. § 1927.  Requests for sanctions under Section 1927 and a court's inherent authority are subject to the same standards and, thus, can be addressed together.  *See Int'l Technologies Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 368 (2d Cir. 2021).  To be entitled to costs and fees on either basis, a party must provide "clear evidence that '(1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith — that is, motivated by improper purposes such as harassment or delay.'"  *United States v. Prevezon Holdings, Ltd.*, 305 F. Supp. 3d 468, 479 (S.D.N.Y. 2018) (quoting *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000)).  A "claim is entirely without color when it lacks any legal or

factual basis." *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999) (emphasis and internal quotation marks omitted)).

Here, there is no evidence in the record, let alone "clear evidence," that Checkmate's "claims were entirely without color." *Prevezon*, 305 F. Supp. 3d at 49 (internal quotation marks omitted) (quoting *Eisemann*, 204 F.3d at 396). First, courts generally decline to impose sanctions where, as here, a case was dismissed before the development of an evidentiary record on the theory that such a motion "[e]ssentially . . . ask[s] the Court to award sanctions because [the moving party] believe[s] the merits of [its] defense." *Esposito v. Suffolk Cnty. Comm. Coll.*, No. 16-CV-4833, 2019 WL 1044099, at * 6 (E.D.N.Y. Mar. 4, 2019); *see also Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 416, 420 (S.D.N.Y. 2003) (denying a motion for sanctions that is "a *de facto* motion for summary judgment"); *Kingvision Pay-Per-View Ltd. v. Ramierez*, No. 05-CV-2778, 2005 WL 1785113, at *4 (S.D.N.Y. July 28, 2005) (declining to impose sanctions "[w]ithout an evidentiary record against which the factual allegations may be compared"). Vasan does not provide — and the Court does not see — any basis to depart from that practice here. Second and in any event, even if Vasan's arguments about the merits were valid, they would not be enough to allow the Court to find that Checkmate's claims "lack[ed] *any* legal or factual basis." *Schlaifer Nance*, 194 F.3d at 337 (internal quotation marks omitted). The crux of Checkmate's claims against Vasan is that he misrepresented the ownership and originality of the VoiceBite codebase and violated his noncompete agreement. *See* Am. Compl. ¶¶ 24-31, 50. Whether or not Vasan ever said that "software . . . was not . . . intellectual property" (as Checkmate claims, *id.* ¶ 33, and he denies, *see* Def.'s Mem. 5-6) does not bear on the truthfulness of his earlier representations regarding the codebase or the alleged violation of the noncompete. Similarly, whether Checkmate ever paid Vasan and his co-founders "millions

4

of dollars," Def.'s Mem. 6-7, goes only to the question of damages, not the merits of Checkmate's claims.

In sum, Vasan's motion for sanctions must be and is DENIED.

## B. Checkmate's Cross-Motion for Sanctions

As noted, Checkmate cross-moves for sanctions, arguing that Vasan's motion for sanctions is meritless and is, in fact, "part of an explicit campaign of harassment." Pl.'s Mem. 11. To the extent that Checkmate brings its own Rule 11 motion, however, that motion fails for the same reason that Vasan's did, namely lack of compliance with Rule 11's safe harbor provisions. Checkmate contends that it was not required to comply with the safe harbor provisions because it was "opposing [Vasan's] Rule 11 motion," Pl.'s Mem. 12, an argument that admittedly finds some support in non-binding case law, *see, e.g.*, *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001); *Safe-Strap*, 270 F. Supp. 2d at 421.[2] But that case law relies on language in the advisory committee note to Rule 11 rather the Rule language itself, which does not appear to allow for exceptions to the safe harbor requirements. *See generally, e.g.*, *United States v. Hyde*, 520 U.S. 670, 680 (1997) (observing that "comments in the Advisory Committee's Notes" to a Rule cannot "alter the meaning of" the Rule itself). And in any event, the Second Circuit has squarely rejected the notion that "[t]he Rule 11 Advisory Committee Note

---

[2] *Patelco Credit Union* is not binding on the Court and is, in any event, distinguishable. There, the plaintiff filing the cross-motion for sanctions "had no choice but to respond immediately" to the defendant's motion for sanctions because it was filed on the eve of trial and sought the exclusion of evidence. *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001). Checkmate, by contrast, had ample time to comply with Rule 11's requirements and has not provided any extenuating circumstances for failing to do so. *See Kumaran v. Nat'l Futures Ass'n*, No. 20-CV-3668 (GHW) (SDA), 2024 WL 3429128, at *2 n.1 (S.D.N.Y. July 16, 2024) (distinguishing *Patelco* on this basis).

. . . create[s] an exception to the safe harbor requirement." *Fierro v. Gallucci*, 423 F. App'x 17, 19 (2d Cir. 2011) (summary order). Thus, Checkmate's standalone cross-motion fails.

That does not end the analysis, however, because Rule 11(c)(2) provides that, "[i]f warranted, the court may award to the prevailing party" on a Rule 11 motion for sanctions "the reasonable expenses, including attorney's fees, incurred for the motion." FED. R. CIV. P. 11(c)(2). Requests for expenses under that provision "are infrequently granted where the motion was not clearly frivolous, filed for an improper purpose, or not well-grounded in fact or law." *E. Gluck Corp v. Rothenhaus*, 252 F.R.D. 175, 180 (S.D.N.Y. 2008) (internal quotation marks omitted). But a court "has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition by the offending person or comparable conduct by similarly situated persons." *Colliton v. Donnelly*, No. 07-CV-1922 (LTS) (THK), 2009 WL 812260, at *2 (S.D.N.Y. Mar. 27, 2009) (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment). That said, the bar for an award under Rule 11(c)(2) is "high" so as not to discourage "zealous advocacy." *Rothenhaus*, 252 F.R.D. at 179. And while "[i]t is well established that Rule 11 applies to *pro se* litigants[,] . . . [they] are afforded greater leniency in considering whether or not to impose Rule 11 sanctions." *Smith v. Educ. People, Inc.*, 233 F.R.D. 137, 142 n.9 (S.D.N.Y. 2005).

Applying those standards here, the Court declines to award Checkmate its expenses under Rule 11(c)(2) for several reasons. First, because this case has already been dismissed, awarding expenses to Checkmate would be unlikely "to deter repetition" of any problematic conduct by Vasan. *Colliton*, 2009 WL 812260, at *2 (internal quotation marks omitted). To the extent that similar issues emerge (or have emerged) in the ongoing litigation between these parties in

6

California, that court is better positioned than this Court is to consider and impose any necessary sanctions.³  Second, as a *pro se* litigant, Vasan is entitled to "greater leniency" from the Court in determining whether to award fees.  *Smith*, 233 F.R.D. at 142 n.9.  True, Vasan has displayed some degree of familiarity and competence in navigating the law in these proceedings, but even so, it is not apparent from the record that he knew that his sanctions motion was entirely baseless or that he could, in turn, be made to pay for Checkmate's expenses for filing such a motion.  He would have had such notice if Checkmate had complied with Rule 11's safe harbor provision and given him an opportunity to withdraw his motion, but, as noted, it failed to do so.

      Finally, although it comes close, Checkmate fails to show that Vasan filed his motion for an improper purpose.  Checkmate relies on emails that Vasan sent to Checkmate's counsel in which he demanded large payments, reimbursement for expenses, and a formal apology, *see* ECF No. 60-5, and threatened to "raise the stakes substantially, including [by] motions for sanctions," unless Checkmate agreed to his terms.  *Id.* at 2 (emphasis omitted).  In subsequent emails, Vasan promised to "completely destroy and humiliate Checkmate," ECF No. 60-8, at 2, and "eviscerate[]" its counsel, ECF No. 60-9, at 2.  These emails are certainly troubling, but they do not necessarily show that Vasan filed his motion for the improper purpose of harassing Checkmate and its counsel.  Indeed, insofar as the emails set forth an ultimatum to Checkmate — accept Vasan's demands *or* face further litigation, including a motion for sanctions — they are not inconsistent with his stated purpose of "pressuring [Checkmate's] counsel to settle."  ECF No. 66 ("Def.'s Reply"), at 14.  The fact that Vasan's demands were extensive (and expensive)

---

³    In fact, Vasan has filed a motion for sanctions against Checkmate in the Central District of California and Checkmate has responded in kind with a cross-motion for sanctions against Vasan.  *See Vasan v. Checkmate.com Inc*, No. 2:25-CV-765, ECF No. 121 (C.D. Cal. Nov. 17, 2025); *id.*, ECF No. 130 (C.D. Cal. Dec. 1, 2025).

and that he used intemperate language is not sufficient, on its own, to impute bad faith or improper purpose to him. Indeed, to impose sanctions on that basis alone could have a chilling effect on the "zealous advocacy" courts rely on to decide cases. *Pannonia Farms, Inc. v. USA Cable*, 426 F.3d 650, 652 (2d Cir. 2005).

Accordingly, Checkmate's motion for sanctions under Rule 11 is also DENIED, as is its request for expenses under Rule 11(c)(2).

## CONCLUSION

In short, both parties' motions are DENIED. The Clerk of Court is directed to terminate ECF No. 58 and to mail a copy of this Memorandum Opinion and Order to Defendant.

SO ORDERED.

Dated: February 5, 2026
      New York, New York

_____
JESSE M. FURMAN
United States District Judge